### McQUADE v. MORROW et al.   (No. 6065.)

(Supreme Court, Appellate Division, First Department.   July 10, 1914.)

LICENSES (§ 20*)—OCCUPATIONS—JOURNEYMAN PLUMBER.

   One making application for the reissue of an original certificate as a master plumber, who, at the time of such application, was employed by a corporation at a salary in a shop furnished by it at the address stated in his application, will nevertheless be entitled to a reissuance if at the time he is exercising the duties of superintendence.

   [Ed. Note.—For other cases, see Licenses, Cent. Dig. § 55; Dec. Dig. § 20.*]

Appeal from Special Term, New York County.

Application by Anthony McQuade for a peremptory writ of mandamus requiring James M. Morrow and others, as the Examining

Board of Plumbers in the City of New York, to reissue and return to petitioner his certificate as master plumber.    From an order denying the application, petitioner appeals.    Affirmed without prejudice to a new application.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Henry J. Smith, of New York City, for appellant.

William E. C. Mayer, of New York City, for respondents.

HOTCHKISS, J.    The original certificate was issued in 1906.    The application for a reissue was made in July, 1913.    In this application, appellant states:

"I am now actually engaged in the business of master or employing plumber and have an office or place of business located at 775 Seventh avenue."

The application was refused on the ground that the appellant's statement that he was a master or employing plumber was false.    In truth, at the time of the application, defendant was employed by the New York Railways Company at a salary and in a shop furnished by it, at the address stated in the application.    No license is required by a journeyman, but only by one "engaged in the business of master, or employing plumbers."    People ex rel. Nechamcus v. Warden, etc., 144 N. Y. 529, 537, 39 N. E. 686, 27 L. R. A. 718.    There is nothing in this record, however, which shows that at the time of his application appellant was a master plumber within the above definition or otherwise.    If it had appeared that appellant was acting as master rather than a journeyman, that he exercised powers and duties of superintendence, or that he had journeymen plumbers working under his direction, I do not think the mere fact that he himself was working as an employé of another, rather than independently, would have affected his right to a certificate, but this record is barren of any such evidence.

On this ground, the order should be affirmed, with $10 costs, and without prejudice to a new application on sufficient papers.    All concur.