## MORAN *v.* POLEDOR ET AL.

[No. 11,964.    Filed March 17, 1926.]

1. NEGLIGENCE.—*Rule stated as to when violation of statute constitutes negligence per se.*—Where a statute imposes certain duties upon the owners of property for the protection of the life or property of others, the violation of such statute, proximately contributing to and resulting in injury to the property of others, is negligence *per se.* p. 270.

2. NEGLIGENCE.—*Unless negligence complained of was proximate cause of injury sued for, there can be no recovery.*—In an action based on the alleged negligence of the defendant, unless the negligence of the defendant was the proximate cause of the injury of which the plaintiff complains, there can be no recovery. p. 273.

3. NEGLIGENCE.—*Causal connection between negligence complained of and injuries suffered must be a natural and continuous sequence.*—To constitute actionable negligence, there must be not only a causal connection between the negligence complained of and the injury suffered, but the connection must be a natural and continuous sequence, unbroken by any other cause. p. 273.

4. NEGLIGENCE.—*"Proximate cause" defined.*—"Proximate cause" is any cause which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produced the result complained of, and without which, the result would not have occurred. p. 273.

5. NEGLIGENCE.—*Property owner failing to destroy building condemned as a fire hazard by state fire marshal not liable for*

Moran v. Poledor—84 Ind. App. 266.

*damages to adjoining property by fire originating in building from unknown cause.*—The failure of a property owner to destroy a building that had been condemned as a fire hazard by the state fire marshal under the provisions of §11767 Burns 1926, §7441g Burns 1914, while constituting negligence, would not make the owner liable for damage to adjoining property by a fire originating in said building from an unknown cause, such failure not being the proximate cause of the damage.   p. 273.

From St. Joseph Superior Court; *J. Fred Bingham,* Judge.

Action by Samuel D. Moran against Eustis Poledor and others. From a judgment for the defendants on demurrer to the complaint, the plaintiff appeals. *Affirmed.* By the court in banc.

*Hubbard, Farabaugh & Pettengell* and *Walter R. Arnold,* for appellant.

*Shively, Gilmer & Doran* and *Graham & Crane,* for appellees.

McMAHAN, J.—Complaint by appellant against appellees for damages to his property sustained by reason of a fire caused by flying embers from a burning building owned by appellees and adjoining appellant's property. The complaint was in two paragraphs. The first paragraph alleged that appellant was a retail dealer in electrical appliances and house furnishings in the city of South Bend; that he as a tenant occupied the first floor and basement of a building adjacent to certain property owned by appellees; that his lease expired October 1, 1926, the unexpired term of which lease being alleged to be worth $30,000; that his stock of goods in said building was of a value of $45,000; that on August 6, 1919, the parties from whom he had leased said building owned the real estate next adjoining said leased premises, and on which then was located a certain wooden building which by reason of its age and dilapidated condition had become especially liable to fire and

so situated as to endanger other property by a communication of fire thereto if fire occurred in said last named building; that by reason of said building constituting a fire hazard it was condemned by the state fire marshal, after inspection and ordered removed within sixty days from September 6, 1919, and notice to that effect was served on said date upon the owners of said property; that no appeal was taken from the order of the state fire marshal, but that the defendants failed to comply with said order and permitted said building to stand in its dilapidated condition and that such building continued to be a menace to adjoining property; that in March, 1920, the then owners of said land by warranty deed conveyed said land and the building thereon to appellees other than appellee corporation, the grantors in said deed at said time notified said appellees that said building had been condemned and ordered removed by the state fire marshal; that said appellees went into possession of said building with full knowledge of the facts; that they thereafter on February 16, 1922, conveyed said property to appellee corporation of which corporation said appellees were the officers, directors, and principal stockholders; that on August 13, 1922, while said building was owned by said corporation it caught fire through some unknown cause and the fire spread to and was communicated to the building so leased by appellant, completely destroying the same and the property of appellant therein located.

The second paragraph after alleging the facts concerning appellant's having leased and occupied a certain building in which he was conducting an electrical supply business and in which he had a large stock of goods alleged that on the lot next adjoining his place of business there had been for many years a wooden building, the property of defendants; that on August 13, 1922, said building was and for many years prior thereto had

been in a dilapidated, crumbling, run-down, decayed, and disintegrated condition and for many years had been in need of repairs; that appellees on said day and for many years prior thereto knew that building was a menace as a fire hazard to the building leased by appellant; that they knew said building so owned by them was easily susceptible to fire and dangerous because of its condition, and that by reason of its condition it was a nuisance to adjoining buildings and that it was the duty of appellees to repair or remove the same, but that appellees in disregard of their said duty permitted the building to remain in its said dangerous condition and that on August 13, 1922, said building by reason of its dilapidated condition and by reason of appellees' permitting it to so remain caught fire and burned and that the flames therefrom communicated with the building in which appellant was located was thereby completely destroyed to plaintiff's damage for which he demands judgment.

A demurrer having been sustained to each paragraph of complaint, appellant appeals and contends that the court erred in sustaining the demurrer to each paragraph of his complaint.

Section 11767 Burns 1926, §7, §7441g Burns 1914, Acts 1913 p. 556, provides for the inspection of buildings by the State Fire Marshal and his deputies and assistants and provides that when they find any building which for want of repairs or by reason of age, is in a dilapidated condition, or otherwise is especially liable to fire and if so situated as to endanger other property, he shall order the same removed or remedied, and that the owner shall forthwith comply with such order. This section provides that the owner may appeal from the order of a deputy or assistant fire marshal to the State Fire Marshal, who shall review such order and decision, and that, after review by the State

Fire Marshal, an appeal may be taken within five days to the circuit court. If no such appeal is taken or if an appeal is taken and the final order is not complied with within the time fixed, the fire marshal is authorized to cause the building to be repaired, torn down, and the materials removed, if necessary, at the expense of the owner, and any owner who fails to comply with the order, as finally fixed, within thirty days, is liable to a penalty of not less than ten dollars nor more than fifty dollars for each day's neglect thereafter. That such penalty may be recovered in an action in the name of the state under direction of the fire marshal or his deputies.

It is appellant's contention that appellees' failure to comply with the order of the fire marshal was negligence *per se*, and that they are responsible to

1.  him for damages. Appellant assumes that the failure of appellees to comply with the order of the fire marshal was the proximate cause of the damage to his property. It is true, as contended for by appellant, that where a statute is enacted for the protection of the life or property of others and imposing certain duties upon the owners of other property, the violation of such statutes proximately contributing to and resulting in injury to property of others is negligence *per se*.

In *Galbraith* v. *Wheeler-Osgood Co.* (1923), 123 Wash. 229, 212 Pac. 174, the owner, in cutting the timber from a tract of land, left the land covered with tree tops, brush, and other inflammable material. Later, the state forester notified the owner of the condition of the land and of the fact that the debris thereon constituted a fire hazard and urged taking of steps to minimize or abate the same. The owner undertook to abate the hazard by burning, under the direction of the state forester. It was there held that the owner was liable for

losses caused to an adjoining landowner by the inadequacy of the directions, as he had authorized the state forester to act for him, and, under such circumstances, he was liable for the negligence of the persons employed by the forester who was acting in his individual capacity.

In *Northwest Door Co.* v. *Lewis Inv. Co.* (1919), 92 Ore. 186, 180 Pac. 495, the owner of property, without securing a permit and in violation of a city ordinance, started a fire on its premises. The fire got out of bounds and destroyed the plaintiff's property. It was held that the proximate cause of the injury was the unlawful building of a fire so near the property of plaintiff that the fire got beyond control and destroyed plaintiff's property.

In *Adamson* v. *Greenwood Cemetery* (1914), 150 N. Y. Supp. 467, 164 App. Div. 832, the fire commissioner of the city of New York, pursuant to statute, notified the defendant to equip a certain building owned by it with a system of automatic sprinklers. The defendant failed to comply with such orders. Later, a fire occurred in the basement of the defendant's building and extended throughout the rest of the building and to adjacent buildings. The statute provided that anyone failing to comply with the provisions of the statute should be subject to a fine, and "also be severally liable for any costs or expenses that may be incurred by any violation of or non-compliance with any requirements" under the law. It also made a person so failing liable for all expenses of a fire department, from a fire resulting from the wilful or culpable negligence of such person. It was there held that it was not necessary that the fire should be started by defendant's negligence, in order to create a liability for the expense of the fire department in attempting to extinguish a fire, the spread of which was alleged to have been caused by the

wilful and culpable neglect of the owner to install the sprinkling system.

In *Frontier Steam Laundry Co.* v. *Connolly* (1904), 72 Nebr. 767, 101 N. W. 995, 68 L. R. A. 425, a city ordinance required the placing of fireproof shutters upon the windows of brick buildings. The laundry company failed to comply with this ordinance. A fire spread from another building through the unprotected windows and destroyed property of a third person left with the laundry to be laundered. Held the laundry was not liable for the loss. The theory of the court was that the purpose of requiring the fireproof windows was to prevent the escape of fire from the building and not to protect those having property in such building.

In *Walker* v. *Klopp* (1916), 99 Nebr. 794, 157 N. W. 962, L. R. A. 1916E 1292, the defendant, in violation of a penal statute, permitted his son, who was under sixteen years of age, to operate his automobile, and plaintiff was injured by reason of the carelessness of the son while so operating the automobile. The father was properly held liable.

There is no claim or contention that appellees started the fire in question, or that they thereafter negligently permitted it to escape from their property to that occupied by appellant. The fire occurred late at night and, from the allegations of the complaint, may have been started by someone while attempting to burglarize the property, and without any fault or negligence on the part of appellees. We may assume appellees were negligent in failing to comply with the order of the fire marshal, but that does not necessarily render them liable in the instant case.

As was said in *Louisville, etc., Ferry Co.* v. *Dolan* (1893), 135 Ind. 60, 65, 34 N. E. 710: "It is a maxim

Moran *v.* Poledor—84 Ind. App. 266.

that the law looks to the proximate, and not to 2-5. the remote, causes of an injury. Out of the application of this maxim grows the liability or nonliability of a defendant charged with the infliction of an injury by his negligence. Unless the alleged negligence of the defendant was the proximate cause of the injury of which plaintiff complains, there can be no recovery. For consequences of which his act or omission was only a mere condition, or remote cause, the defendant is not liable. To constitute actionable negligence, there must be not only a causal connection between the negligence complained of and the injury suffered, but the connection must be a natural and continuous sequence, unbroken by any other cause. Proximate cause is defined to be any cause which, in natural and continuous sequence, unbroken by any efficient, intervening cause, produced the result complained of, and without which the result would not have occurred. In the construction of this rule, in many cases, what seems a remote cause is held proximate, because, in examining the chain of causation, no other proximate cause appears, supposed intervening causes being found merely conditions or occasions, and not efficient causes. In this class of cases, conditions and occasions are often, but erroneously, insisted on as proximate causes." For other cases discussing the question of proximate cause see *Evansville Hoop, etc., Co.* v. *Bailey* (1908), 43 Ind. App. 153, 84 N. E. 549; *Sarber* v. *City of Indianapolis* (1920), 72 Ind. App. 594, 126 N. E. 330. The destruction of appellant's property was caused by an intervening agency for which appellees were not responsible, and we hold there was no error in the action of the court in sustaining the demurrers to each paragraph of complaint.

Judgment affirmed.