RIMCO REALTY & INVESTMENT CORPORATION *v.* LAVIGNE ET AL.

[No. 17,059. Filed October 21, 1943. Rehearing Denied November 18, 1943. Transfer Denied December 13, 1943.]

212

*Gerald A. Gillett* and *Kal Waller,* both of Hammond, for appellant.

*Tinkham & Tinkham,* of Hammond *(Charles Levin* and *Galvin, Galvin & Leeney,* all of Hammond, of counsel) for appellees.

Royse, C. J.—Appellees sued appellant in the Lake Superior Court for damages to their personal property resulting from a fire in an apartment house owned by appellant and leased to appellees. The cause was venued to the Newton Circuit Court, where it was tried by the court without the intervention of a jury, resulting in a finding and judgment in favor of appellees in the sum of $1630.00.

The assignment of errors here is that the trial court erred in overruling appellant's demurrer to the complaint and in overruling its motion for a new trial.

The complaint was in eleven paragraphs. The material allegations of the complaint are substantially as follows: That appellant owned a three-story building, the first floor of which was used by retail stores and the second and third were divided into apartments to be used for living quarters. There were twenty-eight such apartments, and the tenants had a common right in the halls and stairways of said building; that there were more than fifty rooms in said living quarters; that there were no exterior fire escapes on said building. Appellees were tenants in one of said apartments. Appellant constructed, controlled and maintained a garbage chute made of wood in said building, which chute extended vertically from the basement to the third floor and had openings on each floor; that the apartment of appellees was immediately adjacent to said chute on the third floor; that appellant directed the tenants to use said chute for garbage and refuse; that the trays in said chute were allowed to become full of waste deposits and were not emptied frequently enough; that early in the morning of December 2, 1938, a fire originated in said chute and spread to the apartment of appellees, destroying personal property, consisting of household goods, jewelry, clothing, etc.; that

after appellant, through its agents, had knowledge of said fire it failed to warn appellees of the existence of said fire and did not call the fire department of the City of Hammond until after the fire was out of control; that appellant failed to keep a competent watchman on duty between the hours of nine p. m. and six a. m.

Appellant's demurrer, omitting the caption and signatures, is as follows: "Comes now the defendant in the above entitled cause and demurs to paragraphs one to eleven, each separately and severally and both inclusive of the plaintiffs' complaint herein filed and, for ground of demurrer, says: . . ." This is followed by the signature and then a memorandum containing sixteen specifications.

Clause 5 of § 2-1007, Burns' 1933, provides as one of the causes for demurrer "That the complaint does not state facts sufficient to constitute a cause of action." Clause 6 of said section provides in part as follows: "That when a demurrer to any complaint is filed on the ground that the complaint does not state facts sufficient to constitute a cause of action, a memorandum shall be filed therewith, stating wherein such pleading is insufficient for want of facts, . . . ." The memorandum cannot be used to supply defects in the demurrer. *Keltner* v. *Patton* (1933), 204 Ind. 550, 553, 185 N. E. 270. No cause for demurrer having been specified, the trial court did not err in overruling the purported demurrer.

The second assignment alleges the trial court erred in overruling appellant's motion for a new trial. This motion for a new trial is not set out in appellant's brief, neither are the separately numbered specifications supported by propositions set out under "Propositions and Authorities," as required by

Rule 2-17-(f). However, we believe appellant has made a good-faith effort to comply with this rule and we will consider all specifications not waived for failure to discuss under the heading "Points and Authorities."

It is first contended by appellant that the finding and decision of the court is not sustained by sufficient evidence and is contrary to law.

This court will not weigh the evidence. *Gary Railways Company* v. *Michael* (1941), 109 Ind. App. 672, 34 N. E. (2d) 159; *Carlson, Administrator* v. *Kesler, et al.* (1937), 103 Ind. App. 350, 198 N. E. 451. It will only consider that evidence most favorable to the decision of the trial court. *Wachter* v. *Dewes* (1940), 108 Ind. App. 469, 29 N. E. (2d) 1001; *Menzenberger et al.* v. *American State Bank* (1936), 101 Ind. App. 600, 198 N. E. 819.

With these rules in mind we proceed to a consideration of the evidence. There is evidence in the record that the building involved was three stories high, the first floor being used for retail stores and the second and third stories containing twenty-six separate living apartments, the tenants of which had a common right to the use of the halls and stairways; that these living quarters on the second and third floors contained more than fifty rooms; that there was a vertical shaft approximately 2½ by 2½ feet made of wood in the building extending from the basement to the third floor. This shaft was used by the tenants at the direction of and with the knowledge and consent of appellant to dispose of garbage and other waste material, and on the morning of December 2, 1938, waste and refuse had been allowed to accumulate in this chute. At about 1:15 a. m. on said date a fire originated in this chute and traveled up to the third floor. There was an explosion from gases in the chute; that it is not likely there would

have been such an explosion if there had been no chute; that while it cannot be positively ascertained as to what caused the fire, it is probable that it was caused by spontaneous combustion; that there was no watchman on duty at the time of the fire. Appellees' apartment was adjacent to the chute on the third floor and the contents of their apartment was destroyed by fire and water.

Under this evidence the building here involved is a tenement house, as defined in our statute, § 20-502, Burns' 1933. Garbage chutes are prohibited in tenement houses. § 20-573, Burns' 1933. Said building also comes under the provisions of § 20-104, Burns' 1933, which requires that there shall be on duty in such buildings one competent watchman between the hours of nine p. m. and six a. m.

Appellant earnestly contends that because it is not positively shown how the fire started, that the evidence wholly fails to show that its negligence was the proximate cause of appellees' loss. In support of this position appellant relies on the case of *Moran v. Poledor, et al.* (1926), 84 Ind. App. 266, 151 N. E. 140. The complaint in that case was in two paragraphs which alleged in substance, that appellant had leased the building in which his business was located from the owners of the real estate next adjoining said leased premises and on which was located a wooden building which had been condemned by the State Fire Marshal as constituting a fire hazard and which was ordered removed within 60 days; that the owners failed to comply with said order, and some months thereafter sold the land and building thereon to appellees, who went into possession of said building with full knowledge of the fact that the building had been condemned; that thereafter, while said building was owned by appellees it caught

fire through some unknown cause and the fire spread to the building leased by appellant, completely destroying the same and the property of appellant therein located. The complaint further alleged that appellees knew that the building was a menace as a fire hazard to the building leased by appellant, and that by reason of its condition it was a nuisance to adjoining buildings and it was the duty of appellees to repair or remove the same, which appellee failed to do, and that by reason of its dilapidated condition and appellees' permitting it to so remain, caught fire and burned and the flames therefrom communicated with the building in which appellant was located and was thereby completely destroyed by the flames. This court, in affirming the decision of the trial court sustaining a demurrer to the complaint, said at p. 272: "There is no claim or contention that appellees started the fire in question, or that they thereafter negligently permitted it to escape from their property to that occupied by appellant." We believe there is some distinction between that case and the one here under consideration. There the fire was communicated from one building to another and there was no allegation that the fire spread because of the condition of the condemned building. In the instant case the fire started in the chute (which was prohibited by statute), the fire was fed by refuse allowed to accumulate, and traveled up this chute to the third floor from whence it entered appellees' apartment.

In the case of *Prest-O-Lite Company* v. *Skeel* (1914), 182 Ind. 593, 601, 106 N. E. 365, Ann. Cas. 1917A, 474, our Supreme Court said: "A violation of penal statutes constitutes negligence *per se*, but to make such negligence actionable it must be a proximate cause of the injury for which the action is

brought." See also *Cook* v. *Ormsby et al.* (1910), 45 Ind. App. 352, 89 N. E. 525; *Union Traction Company of Indiana* v. *City of Muncie* (1923), 80 Ind. App. 260, 266, 133 N. E. 160. Proximate cause has been defined as "that cause, which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." 38 Am. Jur, p. 695, § 50, and authorities cited under n. 4. Applying this rule to the facts in the instant case, it appears clear to us that the destruction of appellees' property was caused by a fire which started in the chute probably from spontaneous combustion of garbage and refuse which had been permitted to accumulate therein by appellant or its agents and employees; that this fire traveled up this chute to the third floor where it entered appellees' apartment. If the statute prohibiting garbage chutes in tenement houses had been complied with, it is unlikely that the fire would have reached appellees' apartment. *Powell et al.* v. *Jaffe et al.* (1929), 39 Ohio App. 236, 177 N. E. 523. See also *Jaffe et al.* v. *Powell et ux.* (1929), 121 O. St. 355, 169 N. E. 31. Furthermore, if the statute requiring a night-watchman had been complied with, it is possible that appellees' loss would not have been so heavy.

The question of proximate cause is usually a question of fact to be determined by the trial court. *Munson* v. *Rupker* (1933), 96 Ind. App. 15; 148 N. E. 169, 151 N. E. 101. There was ample evidence in the instant case to sustain the judgment of the trial court that the negligence of appellant was the proximate cause of the damage sustained by appellees.

Appellant next contends the trial court erred in permitting the assistant fire chief of the City of Ham-

mond, over appellant's objection, to give his opinion as to how the fire started, and in permitting him to answer a hypothetical question as to whether the situation involved created a fire hazard. The assistant fire chief had qualified as an expert. The trial court did not err in overruling appellant's objection to these questions. *Lavene* v. *Friedrichs, Administrator* (1917), 186 Ind. 333, 346, 115 N. E. 324. 116 N. E. 421.

Appellant asserts the trial court erred in overruling its objection to the following question propounded to appellee Eugene L. LaVigne: "Were there any exterior fire escapes on this building?", to which the witness answered: "No, none whatever." One of the theories of appellees' complaint was that if there had been such an exterior fire escape they could have saved more of their property by removing it through such fire escape. The witness was properly permitted to answer the question.

Appellant finally contends that the damages assessed by the court are excessive in that they are too large. Under the rule laid down by this court in *Anchor Stove & Furniture Company* v. *Blackwood* (1941), 109 Ind. App. 357, 35 N. E. (2d) 117, there is sufficient evidence to justify the award of the trial court.

The judgment of the Newton Circuit Court is affirmed.

Note—Reported in 50 N. E. (2d) 953.