## William B. Hewitt and the Davies Coal Company v. The General Electric Company.

1. Fixtures—*Machines for Mining Coal.*—Where the intention of the owner of a machine for mining coal, in putting it in a mine, is not to make it a part of the realty, but merely for the purpose of transacting the business of mining coal, and which may be removed without injury to the realty, it does not become a part of it.

2. Chattel Mortgages.—*Delay in Taking Possession.*—By failing to take possession of mortgaged property within a reasonable time after the debt matures, the lien of the mortgage is lost as against judgment creditors, and can not be revived by an action of replevin.

3. Same—*Residence of Mortgagor—Recitals Not Conclusive.*—The recital in a chattel mortgage that the mortgagor is a resident of Illinois, is not a conclusive admission, and may be overcome by testimony showing such mortgagor to be a non-resident.

Replevin.—Appeal from the Circuit Court of McLean County; the Hon. Thomas F. Tipton, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed November 15, 1895.

Williams & Capen, attorneys for appellants.

A. E. DeMange, attorney for appellee.

Mr. Justice Wall delivered the opinion of the Court.

This was replevin by the appellee to recover possession of a certain dynamo, an undercutter for mining coal, and certain wires and other attachments.

There was a verdict for plaintiff, and an order thereon that the plaintiff pay to the clerk the amount of a judgment named in favor of defendant, Davies Coal Company, against the Benton Coal Company, and one-third of the

cost in this suit; that if defendants, or either of them, should appeal, the plaintiff should have leave to withdraw the money so paid in, and it was further ordered that the plaintiff recover the sum of one cent damages and costs of suit.

The claim of the plaintiff was based upon a chattel mortgage given to it by " The Benton Coal Company," to which company it had sold the dynamo, undercutter, etc., the mortgage being for the purpose of securing the unpaid purchase money of said property. At that time the Benton Coal Company was the lessee, and as such in possession of a coal mine at Chenoa, in McLean county, Illinois, which mine was owned by the Davies Coal Company, appellant, of which last named company appellant Hewitt was president.

It was and is contended that the property mentioned in the chattel mortgage was attached to the real estate and passed to the owner thereof, the Davies Coal Company, when the lease terminated, and therefore, as against the latter company, which had re-entered, the chattel mortgage was void. We think not. The intention of the Benton Coal Company and of the appellee company was very clearly not to make it a part of the real estate. It was put there merely for the transaction of the business of the lessee in mining coal, and could be removed without injury to the realty.

The Davies Coal Company recognized it as the property of The Benton Coal Company, after the re-entry, by obtaining a writ of attachment against the latter company, and causing the same to be levied upon it as the property of said company.

It is also objected that the mortgage was invalid because the mortgagor was a resident of McLean county, Illinois, and the mortgage was not acknowledged or recorded as the statute requires. It was acknowledged in St. Louis, Mo., which was proved to be the home office of the company.

The mortgage recited that it was between " The Benton Coal Company, a corporation of Chenoa, in the county of

McLean and State of Illinois," etc., which is in substance a statement that it was a resident corporation of Illinois. The admission thus made is, however, not conclusive, and is, we think, overcome by the testimony that the home office of the company is in St. Louis, and the further fact that the Davies Coal Company, by its said president, in obtaining the writ of attachment already referred to, made affidavit that the said Benton Coal Company was a corporation of Missouri and not resident in Illinois.

We conclude that for the present purpose and upon the proof contained in this record the said company is to be regarded as a corporation of and resident in Missouri, and therefore the chattel mortgage was properly acknowledged in that State.

It is also objected the mortgage was not recorded. No such objection was taken below, and we are disposed to presume that there was either proof of such recording as suggested by counsel for appellee, and that by omission the indorsement to that effect was not copied in the bill of exceptions, or the objection was waived. But we are inclined to hold that for failing to take possession within a reasonable time after the mortgage debt matured the lien of the mortgage was lost as against the judgment in attachment of the Davies Coal Company, and we are also of opinion that the pleas of *non cepit* and *non detinet* by Hewitt were, technically at least, supported by the proof. He was not in possession of all the property, if indeed of any of it. So much as was covered by the writ of attachment, which was all (except a part of the wire), was in the possession of the constable who executed the attachment, by his custodian, the Davies Coal Company.

The lien of the attachment was, for the reason already stated, superior to the chattel mortgage and could not be displaced by the action of replevin. The Davies Coal Company had, by virtue of this lien, under the officer, the better right of possession.

The judgment must be reversed as to both appellants and the cause remanded, with directions to enter judgment for return of the property to the Davies Coal Company, unless,

within a short day to be fixed by the court, the appellee pay to the Davies Coal Company the amount of its judgment and interest, thereon and costs in said attachment proceeding, in which case the appellee may retain the property, and that in either case the appellee pay the cost. Sec. 22, Ch. 119 R. S.; Bunn v. Gardner, 18 Brad. 99. Reversed and remanded.