### DUTTON *v.* ENSLEY.

[No. 2,516.    Filed October 13, 1898.]

FIXTURE.—*House Built by Mistake Upon the Land of Another.—Conversion.*—E being the owner of a certain tract of real estate executed a mortgage thereon, and, with the money thus procured, built a dwelling house, but by mistake the house was located upon the land of another. Such owner, after learning his mistake, sold and conveyed the real estate, falsely representing to the grantee that the house was on the land sold. The mortgage was afterwards foreclosed, and the foreclosure purchaser removed the house onto the land so purchased. E brought suit for conversion of the house. *Held,* that the action could not be maintained. *p. 48.*

SAME.—*Dwelling House.*—That the foundation of a dwelling house consisted only of blocks set on end can have no bearing on the question as to whether or not the house was built as a permanent fixture. *p. 49.*

From the Pulaski Circuit Court. *Reversed.*

*H. A. Steis* and *M. M. Hathaway,* for appellant.

*John C. Nye,* for appellee.

WILEY, J.—Appellee was plaintiff below, and sued appellant for the alleged wrongful conversion of a certain frame dwelling house. The issue was joined by a general denial, trial by the court, special finding of facts made, conclusions of law thereon, and judgment for appellee. The court found that appellee, on

the 9th day of October, 1889, was the owner of the
W. ½ of the S. E. ¼ of section 7, township 30, range 2
W., in Pulaski county, Indiana; that on said day she
executed a mortgage on said land, her husband join-
ing her, to the state of Indiana, to secure a school
fund loan for $—; that with a part of the money so
borrowed, appellee, in 1887, built the house in contro-
versy, but by mistake built it on land of one Morri-
son, which was adjoining her land above described;
that on September 23, 1889, appellee conveyed said
land by warranty deed, her husband joining, to
George T. Bouslog; that on the same day said Bous-
log conveyed said land to appellee's husband; that
on May 16, 1891, William Ensley, the appellee joining
with him as his wife, conveyed by warranty deed said
land to Edwin J. Short; that when said land was sold
to said Short, the agent of the Ensleys showed said
house as a part of the improvements on said land,
but nothing was said as to what land said house was
upon; that on July 17, 1891, said Short and wife con-
veyed said real estate to one Butterfield; that said
building was set on blocks about eighteen inches high,
but was not made fast to said blocks; that when ap-
pellee erected said building she supposed she was put-
ting it on her own land, as above described, and did
not learn to the contrary until after she moved into it;
that she did not know for about fifteen months that
said building was on the Morrison land; that about
five months after she learned that said house was sit-
uated on Morrison's land she and her husband moved
away, but employed persons to look after it for her;
that the interest on said loan being in default, said
land was sold by the auditor in March, 1893, and bid in
by one Benson for $355.90, the amount then due; that
said auditor conveyed said land by deed to said Ben-
son; that before the commencement of this action said

Benson conveyed said land by quitclaim to appellant; that in the fall of 1893, appellant, without appellee's permission, removed said house, and converted it to his own use; that it was of the value of $50; that in May, 1891, said William Ensley and appellee, his wife, placed said real estate in the hands of one Hey, as agent, for sale; that they described the improvements thereon, including the house in controversy, and that when said real estate was sold to said Short said house was taken into account as a part of the improvements thereon; that prior to the commencement of this action, appellee did not make any demand on appellant for the return of said house, or payment for the same; and that when said house was built it was placed where it was by mistake. As a conclusion of law the court stated that appellee was entitled to recover of appellant $50, and rendered judgment accordingly. Appellant's motion for a new trial was overruled.

The errors assigned are: (1) Overruling the motion for a new trial, and (2) that the court erred in its conclusion of law.

For a correct disposition of the controlling question in the case, we need only consider the assignment of error, calling in question the conclusion of law as stated by the court. From the finding of facts it is clear that appellee and her husband knew, before they placed the land in the hands of their agent for sale, that the house in controversy was not on the land owned by them, or either of them, but was on the land of Morrison. Notwithstanding this fact, they represented to their agent that the house was on this land; was a part of the improvements thereon; that it was so represented to Short, the purchaser, and taken into account in the sale to him. It thus appears, that while the house was not on the land owned by appel-

Dutton v. Ensley.

lee, and afterwards by her husband, they parted with the title, and upon their representations the house was taken into account as a part of the improvements of the real estate, and considered in arriving at the value thereof, and that they received the benefit of it. This was such a fraud on the purchaser that appellee cannot now be heard to complain. By her representations, or being a party to the representations made by her husband, whatever title she had to the house, if any, she parted with, and she is now estopped from asserting title.

But there is another reason why appellee is not entitled to recover under the facts found, and that is it is not shown that she was the owner of the dwelling house in question, or that she was entitled to the possession thereof. The findings show beyond all question that appellee erected the house on the real estate of Morrison, and that she intended that it should be a permanent fixture, and that it was to be used for a residence. The manner in which the house was placed on and attached to blocks can have no bearing in determining the question as to whether it must be regarded as personal or real property. The modern authorities no longer adhere to the doctrine that physical annexation is the proper criterion by which to determine whether a fixture is real or personal property. *Atchison, etc., R. Co.* v. *Morgan,* 42 Kan. 23, 21 Pac. 809; *Meigs' Appeal,* 62 Pa. 28, 1 Am. Rep. 372. In the case of *Binkley* v. *Forkner,* 117 Ind. 176, the court said: "The united application of these requisites is regarded as the true criterion on an immovable fixture: (1) Real or constructive annexation of the article in question to the freehold. (2) Appropriation or adaptation to the use or purpose of that part of the realty with which it is connected. (3) The intention of the

party making the annexation to make the article a permanent accession to the freehold."

This court in *Parker Land, etc., Co.* v. *Reddick,* 18 Ind. App. 616, by Robinson, J., quoted approvingly the rule laid down in *Binkley* v. *Forkner, supra,* and cited many authorities in support of it. We still adhere to that doctrine. Nor can the fact that appellee built the house on Morrison's land by mistake, measured by the subsequent facts in the case, and the acts of appellee, change, modify, or abrogate the rule. In *Seymour* v. *Watson,* 5 Blackf. 555, 36 Am. Dec. 556, it was held that, where a fence was built by mistake on adjoining lands, where the party building the fence supposed he was building on his own land for the purpose of enclosing it, that the fence so built became realty and passed with the land. In that case it was said: "It is a general principle, that all permanent buildings follow the tenure of the soil on which they are erected." See, also, *Hamilton* v. *Huntley,* 78 Ind. 521, 41 Am. Rep. 593. The house in question became a fixture to the freehold of Morrison. Under the findings there is no fact found which would change its character, and it clearly appears that appellee has not shown that she was either the owner or entitled to the possession, and hence she has shown no right to recover. The judgment is reversed, with instructions to the court below to restate its conclusions of law, and render judgment for appellant.