## McFarlane et al. v. Foley et al.

[No. 3,467.    Filed April 23, 1901.    Rehearing denied October 25, 1901.]

FIXTURES.— *When Personalty Acquires Nature of Realty.*—There is no general rule or test for determining whether or not an article personal in nature has acquired the character of realty by being attached thereto.    In each particular case regard is to be had to the chattel itself, the injury that would result from its removal, and the intention in placing it upon the premises with reference to use or ornament.  *p. 486.*

MECHANIC'S LIEN.— *Fixtures.*— *Chandeliers.*— Chandeliers put in a building by its owner with intention on his part that they should become a part of the realty are fixtures, so that the contractor who furnishes and puts them in may have a mechanic's lien therefor. *pp. 484-488.*

From Marion Superior Court; *J. M. Leathers,* Judge.

Action by John S. Foley and others against Ruth C. McFarlane and others.    From a judgment for plaintiffs, defendants appeal.   *Affirmed.*

*D. A. Myers* for appellants.

*C. T. Hanna* and *T. A. Daily,* for appellees.

WILEY, J.—This was an action by appellees against appellants to foreclose a mechanic's lien.    The facts upon which the action was based are in substance the following: One Waters was the owner of certain real estate in the city of Indianapolis, and he entered into a contract with certain parties to erect upon such real estate a building to be used as a dwelling house.    Before such building was constructed and before it was commenced there was a mortgage on the real estate for a balance of the unpaid purchase price, and Waters also executed another mortgage in favor of the appellant McFarlane for borrowed money with which to erect

the building. By an agreement between appellant McFarlane and the original mortgagee, the latter agreed that the McFarlane mortgage should be a prior lien upon the real estate. Waters contracted with the appellees to fit the dwelling house with chandeliers for lighting purposes at an agreed price. Appellees furnished the chandeliers and the labor for placing them in position ready for use, and after furnishing such chandeliers and placing them in the dwelling ready for use, they filed a notice of their intention to hold a mechanic's lien against the property to secure their debt. This was done within the statutory time. The case was put at issue, tried by the court, and upon proper request the court made a special finding of facts and stated its conclusions of law thereon. Appellants excepted to the conclusions of law.

The appeal is prosecuted by the appellant McFarlane alone, and the errors assigned by her are (1) that the court erred in overruling her demurrer to the complaint, and (2) the court erred in overruling the motion for a new trial. These two assigned errors may very properly be considered together, for, as disclosed by the argument of appellant's counsel, they involve substantially the same question, and that question is whether or not chandeliers furnished as the chandeliers for this building were, and placed in the building for the purpose of lighting it, become a part of the realty and subject to a mechanic's lien. It is very earnestly insisted by appellant that chandeliers after being attached to realty, as in this case, are mere articles of furniture, and retain their character as personalty. We are inclined to the view that in the light and tendency of modern decisions the question is one of easy solution. It may be remarked, however, that the earlier decisions, both in this country and in England, tended strongly to the view that property of this character, although attached to the building, as chandeliers are attached, was to be considered as personalty, but the great weight of modern authorities hold that they become a

part of the realty. As to what is or is not an immovable fixture is a question of both law and fact, and in the light of the authorities in this State upon the proposition, there is no longer any doubt what constitutes an immovable fixture.

In the case of *Binkley* v. *Forkner,* 117 Ind. 176, 3 L. R. A. 33, the question is presented and decided with much clearness. Judge Mitchell speaking for the court said: "The united application of three requisites is regarded as the true criterion of an immovable fixture: (1) Real or constructive annexation of the article in question to the freehold. (2) Appropriation or adaptation to the use or purpose of that part of the realty with which it is connected. (3) The intention of the party making the annexation to make the article a permanent accession to the freehold." Citing *Teaff* v. *Hewitt,* 1 Ohio St. 511, 530, 59 Am. Dec. 634; *Potter* v. *Cromwell,* 40 N. Y. 287, 100 Am. Dec. 485; Ewell on Fixtures, 21; Tyler on Fixtures, 114; *McRea* v. *Central Nat. Bank,* 66 N. Y. 489. See, also, *Parker Land, etc., Co.* v. *Reddick,* 18 Ind. App. 616.

There is no general rule or test for determining whether or not an article personal in nature has acquired the character of realty by being attached thereto. In each particular case regard is to be had to the chattel itself, the injury that would result from its removal, and the intention in placing it upon the premises with reference to use or ornament. See *Parker Land, etc., Co.* v. *Reddick, supra; Pea* v. *Pea,* 35 Ind. 387; *Pickerell* v. *Carson,* 8 Iowa 544; *Coburn* v. *Litchfield,* 132 Mass. 449; *Thomas* v. *Davis,* 76 Mo. 72; *Strickland* v. *Parker,* 54 Me. 263.

In *Dutton* v. *Ensley,* 21 Ind. App. 46, 69 Am. St. 340, this court said: "The modern authorities no longer adhere to the doctrine that physical annexation is the proper criterion by which to determine whether a fixture is real or personal property." *Atchison, etc., R. Co.* v. *Morgan,* 42 Kan. 23, 21 Pac. 809, 4 L. R. A. 284; *Meig's Appeal,* 62 Pa. St. 28, 1 Am. Rep. 372.

As we have seen, the intention of the party making the annexation has much to do with determining whether or not an article personal in its character becomes a part of the freehold by attachment or otherwise. As to what such intention was in making the annexation is inferred from the following facts: (1) The nature of the article annexed; (2) the relation of the party making the annexation; (3) the structure and mode of annexation; (4) the purpose or use for which the annexation has been made. *Tillman* v. *DeLacy,* 80 Ala. 103; *Cappen* v. *Peckham,* 35 Conn. 88; *Pea* v. *Pea, supra; Eaves* v. *Estes,* 10 Kan. 314; *Dudley* v. *Hurst,* 67 Md. 44, 8 Atl. 901; *Rogers* v. *Crow,* 40 Mo. 91; *McRae* v. *Central Nat. Bank, supra; Potter* v. *Cromwell,* 40 N. Y. 287; *Teaff* v. *Hewitt,* 1 Ohio St. 511; *Hutchins* v. *Masterson,* 46 Tex. 551, 26 Am. Rep. 286; *Hill* v. *Wentworth,* 28 Vt. 428; *Green* v. *Phillips,* 26 Gratt. 752, 21 Am. Rep. 323; *Taylor* v. *Collins,* 51 Wis. 123, 8 N. W. 22.

In the more modern cases it is quite generally held that whether or not an article or structure is a part of the realty is primarily a question of the intention with which it was connected or put in position, it being a part of the realty, if such was the intention. *Tillman* v. *DeLacy, supra; Hendy* v. *Dinkerhoff,* 57 Cal. 3, 40 Am. Rep. 107; *Cappen* v. *Peckham,* 35 Conn. 94; *Watertown Steam Engine Co.* v. *Davis,* 5 Houst. (Del.) 192; *Dooley* v. *Crist,* 25 Ill. 453; *Hewitt* v. *General Electric Co.,* 61 Ill. App. 168; *Kaestner* v. *Day,* 65 Ill. App. 623; *Binkley* v. *Forkner, supra; Horn* v. *Indianapolis Nat. Bank,* 125 Ind. 381, 9 L. R. A. 676, 21 Am. St. 231; *Dutton* v. *Ensley,* 21 Ind. App. 46; *Rowland* v. *West,* 62 Hun 583, 17 N. Y. Supp. 330; *Christian* v. *Dripps,* 28 Pa. St. 271; *Lipsky* v. *Borgmann,* 52 Wis. 256, 9 N. W. 158.

That the chandeliers in question in this case became a part of the realty is, in our judgment, settled by the special findings, wherein it is stated that it was the purpose and

intention of Waters that said "chandeliers and bracket lights should be and become a permanent part and parcel of said real estate." In none of the authorities relied upon by appellant was the question of intention involved, and therefore they are not applicable to the facts in this case. That chandeliers for lighting purposes are adapted to the use and enjoyment of dwelling houses in these modern days is too clear a proposition to admit of argument or discussion, and as intention is of controlling influence we are clear that in this case the chandeliers became a part of the realty and thereby lost their character as personal property. It follows from this that they are subject to a lien under the provisions of the statute, and therefore the court reached a correct conclusion. Some questions are raised and discussed as to the admission of certain evidence over the objection of appellant, but there was no error in the rulings of the court thereon. Some objection is urged to the sufficiency of the complaint on other grounds than those suggested, but in our judgment such objections are not well taken, and we are clearly of the opinion that the complaint states a good cause of action. Upon a consideration of the whole record, we are strongly impressed with the view that the trial court reached a correct conclusion, and the record, as it comes to us, does not present any reversible error.

Judgment affirmed.