GENERAL PARTS CORPORATION *v.* FIRST TRUST AND SAVINGS BANK ET AL.

[No. 12,902.   Filed June 6, 1928.]

*Conrad Wolf, Earl B. Barnes, C. W. Roll* and *George B. Shenk,* for appellant.

*Tenney, Harding, Sherman & Rogers* and *Bell, Kirkpatrick, McClure & Elliott,* for appellees.

REMY, J.—Apperson Brothers Automobile Company was for many years engaged in the manufacture of automobiles and automobile parts in the city of Kokomo. On October 1, 1923, the company issued bonds in the amount of $700,000, to secure the payment of which it executed and delivered to the First Trust and Savings Bank and George L. Davis, trustees, appellees herein, a mortgage on its real estate "together with all buildings, machinery, tools and apparatus (the same being hereby declared to be fixtures) now located or hereafter located or erected thereon; together with all and singular the tenements, hereditaments and appurtenances belonging, or in any way appertaining, thereto, and all of the rents, issues, income and profits of the hereinbefore described or referred to property." After the execution of the mortgage, the Apperson Brothers Automobile Company caused its name to be changed to Pioneer Automobile Company, and later the Pioneer Automobile Company leased the mortgaged premises to the Apperson Automobile Company, a newly organized corporation. When the latter company took possession of the premises under its lease, it bought from the old company the personal property and supplies on hand which were suited for use in the operation of the plant. Afterwards the Apperson Automobile Company ceased to operate the plant and sold what remained of the personal property acquired from the old company and what it had on hand to General Parts Corporation, appellant herein.

. There having been default in the payment of the bonds, this suit was commenced by appellees to foreclose the mortgage. Appellant, General Parts Corporation, was made a party defendant for the reason that it was claiming ownership, by purchase, of some of the personal property alleged in the complaint to have been covered by the mortgage. Appellant appeared and filed an answer setting up its claim to the particular property.

Trial resulted in a judgment that the property claimed by appellant as set forth in its answer was covered by the mortgage and should be sold by appellees on foreclosure to pay the mortgage bonds, and that appellant's title to the property was subject to the mortgage.

The facts shown by the evidence are not in dispute. The property here in controversy is designated in the pleadings, described in the evidence and set forth in the judgment, as "Schedule B," which contains thirty-six items, the first twelve being tool steel of various kinds; items thirteen to twenty inclusive, polishing wheels and brushes; and items twenty-one to thirty-six inclusive, pattern lumber of many kinds and dimensions. All of this property except the polishing brushes, which are referred to in items nineteen and twenty of the schedule, were purchased by the Apperson Brothers Automobile Company prior to the sale of the personal property to the Apperson Automobile Company. At the time the property was purchased by the Apperson Brothers Automobile Company, the same was placed in the tool stock-room of the company's plant. No part of the property was purchased to be manufactured into finished product, or for the purpose of resale. On the contrary, it was purchased to be used in the manufacture of tools and patterns, and for use in repairing and replacing of defective and worn-out machinery, and was kept on hand as a part of the plant equipment for that purpose.

It appears from the evidence that the polishing brushes, referred to in items nineteen and twenty of the schedule of property in controversy, were purchased by the Apperson Automobile Company after that company came into possession of the plant.

The question for determination is whether, under the facts as shown by the record, the property in controversy is covered by the mortgage, as was held by the trial court. It is conceded by appellant that the mortgage includes all machinery, tools and patterns, but it is argued that the tool steel, polishing brushes and pattern lumber are not machinery, tools or apparatus, and are, therefore, not included in the mortgage. By its terms, the mortgage covers all "machinery, tools and apparatus" located on the mortgaged premises. It may be, as contended, that these items cannot be classed as machinery or tools, but can it be said that the word "apparatus," as used, is not sufficiently comprehensive to include some or all of the property? The Century dictionary definition of the word apparatus is as follows:

> "An equipment of things provided and adapted as means to some end; especially a collection, combination or set of machinery, tools, utensils, appliances, *or materials intended, adapted and necessary for the accomplishment of some purpose, such as mechanical work,"* etc. (Our italics.)

Certainly the property in question comes within that definition. The manufacturing plant covered by the mortgage was, at the time the mortgage was executed, a large going concern, else it would not have been accepted as security for a bond issue of $700,000. In the successful operation of the plant, a part of the equipment reasonably necessary was a stock of materials for immediate use in the manufacture of tools and patterns, in the repair of tools and machinery, and for the replacement of

worn-out or broken parts of machinery; such supplies were purchased and caused to be delivered upon the premises with the intent that they should be used throughout their existence in pursuance of the business of the plant, and were as necessary a part of the equipment as the tool-room in which they were stored was of the building; they were apparatus within the meaning of that term as the same is used in the mortgage. Clearly the parties to the mortgage intended that it should cover the entire manufacturing plant, including the stock of tool steel, polishing brushes and pattern lumber then on hand or which might thereafter be purchased or placed on the mortgaged premises by the mortgagor as a part of the plant equipment. We do not hold that the tool steel, the brushes and pattern lumber in question were necessarily fixtures. Our holding is that these supplies were made so by agreement of the parties to the mortgage.

The polishing brushes described and referred to at numbers nineteen and twenty of the schedule do not fall in the same class; they were not purchased and taken upon the premises by the mortgagor, as were the other items of the schedule; they were acquired after the manufacturing plant had passed out of the hands of the mortgagor; therefore, the agreement between the parties to the mortgage as to what property should be regarded as fixtures had no application; those items, unlike the other items of the schedule, are not covered by the mortgage, and as to them the court erred. See *Trust Company of America* v. *City of Rhinelander* (1910), 182 Fed. 64, 69; *New York, etc., Trust Co.* v. *Louisville, etc., R. Co.* (1900), 102 Fed. 382, 398.

The trial court is directed to modify the judgment as to items nineteen and twenty in accordance with this

opinion, and when so modified the judgment is ordered affirmed.

Costs of this appeal are taxed to appellees.