MENZENBERGER ET AL. *v.* AMERICAN STATE BANK INC. ET AL.

[No. 15,101. Filed December 20, 1935. Rehearing denied March 12, 1936.]

*Kitch & Kitch,* for appellants.

*L. H. Dunten, Gochenour & Graham, Sloane & Rasor,* and *William H. Wigton,* for appellees.

WIECKING, J.—This was an action to foreclose a mortgage on certain real estate located in Kosciusko County, Indiana, and a cross-complaint by the appellee Meyer to foreclose a mechanic's lien on the same property. The amended complaint was in two paragraphs, the first of which was the usual complaint in foreclosure and the second paragraph sought to reform the mort, gage on account of mistake by changing the description of the note from one bearing interest from date to one bearing interest from maturity. The cross-complaint sought to foreclose a mechanic's lien for iron grill work and draperies in the house and for the labor incident to installing them.

The appellants filed answers in five paragraphs to each paragraph of complaint and the cross-complaint, each set of answers being similar in form and purport. The first paragraph of answer is in general denial; the second paragraph alleges failure of consideration; the third paragraph partial failure of consideration; the fourth paragraph is based on an alleged agreement to extend time to the appellants in which to pay the note and mortgage; and the fifth is based upon an oral agreement to hold this action in abeyance. To these answers the plaintiff and cross-complainant each filed replies in three paragraphs, each set of replies being similar in character. The first paragraph of reply was in general denial; the second contained a plea in estoppel; and the third paragraph of reply a plea of waiver. The appellants filed a demurrer to each the second and third paragraph of reply of each of the appellees, which demur-

rers were overruled by the court. Subsequently the plaintiff filed a supplemental complaint alleging payment of certain taxes and asking foreclosure thereon. The appellants also filed a sixth paragraph of answer to the plaintiff's amended complaint alleging usury and the plaintiffs filed a reply in general denial. This closed the issues. A trial was had by the court without intervention of a jury and judgment was entered by the court in favor of the plaintiff and the cross-complainant, foreclosing the mortgage and the mechanic's lien, making them of equal priority and ordering sale of the real estate described in the complaint. The appellants seasonably filed a motion for new trial as to each appellee which motions were overruled by the court.

The errors assigned here for reversal are:

1. The court erred in overruling appellants' separate and several demurrer to the second paragraph of reply of appellee, American State Bank, Inc.

2. The court erred in overruling appellants' separate and several demurrer to the third paragraph of reply of appellee, American State Bank, Inc.

3. The court erred in overruling appellants' separate and several demurrer to appellee, Fred C. Meyer's second paragraph of reply.

4. The court erred in overruling appellants' separate and several demurrer to appellee, Fred C. Meyer's third paragraph of reply.

5. The court erred in overruling appellants' motion for a continuance.

6. The court erred in overruling appellants' motion for a new trial as to appellee, American State Bank, Inc.

7. The court erred in overruling appellants' motion for a new trial as to appellee, Fred C. Meyer.

The appellants have failed to state any Propositions or Points or to cite any authorities in support of the alleged errors numbered three, four or five, and the transcript and appellants' brief both fail to set out the demurrer to the third paragraph of plaintiff's reply, the overruling of which is assigned as

the second alleged error, and since they have failed to press such assigned errors, they will be deemed to have waived and abandoned them under Rule 21, Clause 5 and 6 of the rules of this court.

The errors properly presented for consideration of this court are errors one, six, and seven as set out above.

The second paragraph of plaintiff's reply to the second, third, fourth, and fifth paragraphs of answer to plaintiff's complaint, omitting the caption and signatures, is as follows:

"For a second and further paragraph of reply to said First, Second, Third, Fourth and Fifth paragraphs of answer by the defendants, Earl Menzenberger and Hariette Menzenberger, plaintiff says that while said cause was pending said defendants fully recognized the validity of this complainant's lien and paid the sum of Four Thousand Ninety-Eight ($4,098.00) Dollars to apply upon said lien as a partial payment; that subsequently, to-wit: On the 17th day of October, 1932, said case had been set for trial for the third or fourth time, by the Judge of Kosciusko Circuit Court while said cause was pending in said court; that on said trial date, to-wit: October 17, 1932, the defendants, Earl Menzenberger and Hariette Menzenberger, acting by and through one of their attorneys of record, to-wit: Morrison A. Rockhill, and in the presence of said Earl Menzenberger, did agree with the plaintiff in this action and the cross-complainant that if plaintiff and cross-complainant would permit said cause to be taken out of the trial call at the September Term of said Kosciusko Circuit Court on said 17th day of October, 1932, and would permit said case to be reset for the 5th day of December, 1932, at the December Term of said court, said defendants would, in consideration of said continuance and resetting, interpose no defense whatever either to the complaint or the cross-complaint and would, if said defendants had not been able to make a loan and raise the money to pay the balance due the plaintiff and cross-complainant prior to said 5th day of December, 1932, on said date permit the plaintiff and this cross-complainant to have judgment on said 5th day of December, 1932, for the full

amount of their respective claims; that the plaintiff, by attorneys, Sloane and Rasor, and the cross-complainant, acting by and through one of his attorneys of record, one, Merl L. Gochenour, agreed to said extension and resetting and did accept the promise and agreement of said defendants as the consideration for said extension and resetting; that this plaintiff and cross-complainant duly ratified said agreement and permitted said cause to be reset for December 5, 1932; that on said 5th day of December, 1932, the said Menzenberger and Menzenberger sought further delay and by and through their said attorney represented to the Judge of Kosciusko Circuit Court and to this plaintiff and the cross-complainant and their attorneys that said defendants had a loan in process of consummation and in a few days would have the money to pay and would pay the plaintiff and this cross-complainant their respective demands in full; that said cause was again set for trial by the Judge of the Kosciusko Circuit Court on the 23rd day of February, 1933, and that before said trial date to-wit: on the 20th day of February, 1933, Brubaker and Rockhill, as attorneys of record for said defendants, Menzenberger and Menzenberger withdrew their appearance and Kitch and Kitch appeared for said Menzenberger and Menzenberger and filed an affidavit for change of venue from the county on behalf of said defendants, which affidavit resulted in the venue of said cause being changed to the Marshall Circuit Court; that by reason of the premises said defendants have completely estopped themselves from making any of the alleged defenses pleaded by said First, Second, Third, Fourth and Fifth paragraphs of Answer and that Judgment should be rendered accordingly."

The demurrer by the defendant to such paragraph of reply, omitting the caption and signatures, is as follows:

"Come now Earl Menzenberger and Hariette Menzenberger, defendants in the above entitled cause and demur to the second paragraph of reply by plaintiff to First, Second, Third, Fourth and Fifth paragraphs of answer by defendants Earl Menzenberger and Hariette Menzenberger, for the reason that said second paragraph of reply by

plaintiff does not state facts sufficient to avoid said paragraphs of answer or any one of them.

## "MEMORANDA.

"1. The said paragraph of reply apparently relies upon an estoppel and attempts to plead an estoppel against these defendants. The elements of such estoppel are not sufficiently set forth in the said paragraph of reply.

"2. The paragraph attempts to plead an estoppel by words and conduct against the defendants, Earl Menzenberger and Hariette Menzenberger, but the elements of an estoppel are lacking in that the said paragraph does not show any false representation concerning material facts. It does not show that any representation that was made was with knowledge of facts on the part of said defendants. Said paragraph does not show that the plaintiff Fred C. Meyer was ignorant of the truth of the matter. It does not show that any conduct was made with the intention on the part of the Menzenbergers that it should be acted upon. It does not show that any conduct or words set forth in said paragraph of reply was acted upon by the plaintiff to his damage.

"3. The said second paragraph of reply shows on its face that it contains merely a recital of certain facts connected with the trial and conduct of said cause long after the cross-complaint was filed and bears no relation whatever to any of the paragraphs of answer to which said reply is addressed.

"4. Said second paragraph of reply consists of nothing except an argumentative reply in denial and a number of extraneous statements concerning agreement of attorneys in regard to the extension of time and the setting of the case for trial not in any way connected with or in avoidance of the paragraphs of answer to which said paragraph is addressed."

The appellants proceed upon the theory that the reply in question pleads an estoppel and that for it to correctly plead an estoppel the reply must allege (1) a fraud upon appellee (2) that appellee must have had no knowledge of the facts. Insofar as an equitable estoppel or an estoppel *in pais* is concerned the

rule stated by appellant is correct. However, in our opinion the paragraph of reply in question pleads a waiver and not an estoppel. The line of demarcation between a waiver and an estoppel is very slight, since both partake of somewhat the same elements, and ask essentially the same relief. The rule on waiver was established by the Supreme Court of Indiana in the case of *Ridgeway* v. *Morrison* (1867), 28 Ind. 201, 203, wherein the court quotes with approval from Lord Coke in the following language:

"Lord Coke says: 'An estoppel is where a man is concluded by his own act or acceptance to say the truth.' The principle is, that the acts and admissions of a party operate against him in the nature of an estoppel, 'where, in good conscience and honest dealing, he ought not to be permitted to gainsay them.' This is called an estoppel *in pais*.

" 'As a general rule, a party will be concluded from denying his own acts or admissions, which were expressly designed to influence the conduct of another, and did so influence it, when such denial will operate to the injury of the latter.' *The Welland Canal Co.* v. *Hathaway*, 8 Wend. 480; *Dezell* v. *Odell*, 3 Hill 215; 2 Smith's L. C., pp. 581, 619, 642; *Ray* v. *McMurty*, 20 Ind. 307."

In our opinion the paragraph of reply in question was proper and there was no error in the court overruling the demurrer to the second paragraph of plaintiff's reply.

The sixth and seventh assignments of error deal with overruling the appellants' motion for new trial as to the plaintiff American State Bank, Inc., and the cross-complainant Fred C. Meyer.

The motion for new trial as to the plaintiff, appellee American State Bank, Inc., has eleven specifications but only three of them are discussed by the appellant. These are:

1. The damages assessed by the court in favor of the plaintiff are excessive.
2. The assessment of the amount of recovery in

favor of the plaintiff is erroneous, being too large.
3. The decision of the court is not sustained by sufficient evidence.

The question thus presented is whether or not the evidence in the record sustains the judgment of the court. Where there is a conflict in the evidence this court will only consider that evidence which is most favorable. *Hesler* v. *Lowe* (1934), 98 Ind. App. 168, 187 N. E. 213.

The evidence in this case was as follows: that the appellants went to the American State Bank, Inc., at Ligonier, Indiana, and executed their note in the sum of $6,000.00 with interest at the rate of 8 per cent per annum, due six months after date. At the time they also executed a mortgage on the real estate described in the complaint to secure the payment of the note in question, the note being described in such mortgage as bearing interest from date. At the same time they paid the interest in advance for the term of the note and also paid a commission of $100.00 to an officer of the bank, and this sum eventually became the property of the bank. At the time there was also a lien outstanding against the property in the sum of $848.00 for which the appellee bank issued its cashier's check and the appellant endorsed the same and returned it to the bank. The court in its findings found for the appellants on their sixth paragraph of answer, that the transaction was usurious and entered judgment accordingly. It is not usurious or illegal to take interest in advance at the highest rate of interest allowed by law; *English* v. *Smock* (1870), 34 Ind. 115. But when the bank received the $100.00 paid as a commission it collected in advance more than the highest rate of interest allowed by law and the contract became usurious. The uncontradicted evidence shows that the appellant Earl Menzenberger received only $5,660.00 at the time of the execu-

tion of the note and mortgage, including the cashier's check of $848.00 which he endorsed and left with the bank until the lien on the property was cleared up. This cashier's check was applied as a payment on the note on March 22, 1932. On the same date the appellants also paid the sum of $3,250.00 which was also credited on the note. The interest on $5,660.00, the sum actually received by the appellant, from April 11, 1931, to March 22, 1932, at 6 per cent per annum amounted to $321.67 which added to the principal made a total of $5,981.67. The total payment on March 22, 1932, was $4,098.00 leaving a balance due on that date of $1,883.67. The interest on this latter amount from March 22, 1932, to the date of judgment May 20, 1933, at 6 per cent per annum amounted to $131.23 and made a total of $2,-014.90. The court rendered judgment for $1,992.18 and attorneys' fees in the sum of $700.00. The amount and schedule of attorneys' fees were stipulated at the trial and present no question. Under the facts set out above, the amount of the recovery and the decision of the court are amply sustained by the evidence. There was no error in overruling the appellants' motion for new trial as to the appellee American State Bank, Inc.

The last question presented by the assignment of error is that the court erred in overruling the appellants' motion for new trial as to the appellee Fred C. Meyer. The evidence on this branch of the case is as follows: The appellant Hariette Menzenberger asked the appellee Meyer about curtains, draperies and grill work for the property described in the complaint. There is an admission in the record that all of the work done and materials furnished was done and furnished in connection with the installation of the curtains, draperies and grill work in the dwelling on this particular property. That the total amount was to be $1,920.00 and that later some extra work was done with regard to cleaning

a piece of tapestry that amounted to $8.75. That the grill work was to be some iron gates in certain openings, an iron stair rail and iron grill in front of five niches and this work was to be attached to the house. Its value was approximately $500.00. The balance of the articles furnished were curtains and draperies and the poles and rods upon which they were to hang and a bathroom rug. The value of the poles and rods and cornices which were attached to the building was not to exceed $221.50 as shown by Exhibit "C" introduced in evidence in this case. The examination of the court developed that if the grill work or curtain poles and rods or cornices were removed, the walls and woodwork would be marred. The shower curtain was hung on a fixture already installed by the plumber and the rug was simply laid on the bathroom floor. All the draperies and curtains were made for the particular openings or groups of openings and the groupings varied in width from three feet to eleven feet and some were eleven feet long. The only group inquired about developed that the individual openings in that group were two and one-half by six feet. The curtains and draperies were hung from the poles and rods by rings and hooks and were not connected to the house, or to the walls or woodwork. During the time this action was pending, the appellants made two payments on the account, one of $300.00 in July, 1932, and one of $200.00 on August 17, 1932.

The specifications of the motion for new trial properly presented to this court for review are those numbered one, two, three, four and five, which were:

1. The decision of the court is not sustained by sufficient evidence.

2. The decision of the court is contrary to law.

3. The damages assessed by the court in favor of the intervening petitioner are excessive.

4. The assessment of the amount of recovery in favor of the intervening petitioner is erroneous, being too large.

5. The court erred in admitting in evidence over the objection of the defendant the intervening petitioner's exhibit "A."

Specifications numbered six, seven, eight, nine, ten, and eleven of appellants' motion for new trial as to appellee Fred C. Meyer are not discussed in appellants' brief nor are any Propositions, Points or Authorities cited or addressed to them and under Rule 21 of this court, such specifications shall be deemed as waived. *C. C. C. & St. L. Ry. Co.* v. *Bowen, Admx.* (1913), 179 Ind. 142, 100 N. E. 465; *Husak* v. *Clifford* (1913), 179 Ind. 173, 100 N. E. 466.

In order for the appellee to be entitled to the foreclosure of a mechanic's lien against the property in question it would be necessary for him to comply strictly with the statute in regard to taking and enforcing mechanic's liens. The section of the statute in question is §43-701, Burns Annotated Statutes (Indiana) 1933 and the applicable part thereof is as follows:

"43-701(9831). Persons entitled to lien.—Contractors, subcontractors, mechanics, journeymen, laborers and all persons performing labor or furnishing materials or machinery for the erection, altering, repairing or removing any house, . . . may have a lien separately or jointly upon the house, . . . which they may have erected, altered, repaired, or removed, or for which they may have furnished materials or machinery of any description, and on the interest of the owner of the lot or parcel of land on which it stands, or with which it is connected, to the extent of the value of any labor done, material furnished or either; . . ."

Statutes of this character being in derogation of the common law, are strictly construed in ascertaining who are within their provisions, and one who asserts such a lien has the burden of bringing himself within the provisions of the statute creating the lien. *Puritan*

*Engineering Corp* v. *Robinson* (1934), 207 Ind. 58, 191 N. E. 141.

The material man must also show that his materials were ordered for and used in the erection, alteration or repair of the building against which the lien is asserted.

The evidence here both from the witnesses and by admission shows that the curtains, draperies and grill work were ordered for the particular property and used in the house, the only question remaining being whether such materials were used in the *erection, alteration or repair* of the house in question. In order for such goods to come within the rule laid down by our courts, it must be shown that these goods, essentially personal property in character, became permanent fixtures in such property.

We believe there is sufficient evidence to establish such facts as to the iron grill work and the curtain poles and rods, the evidence being that these items were attached to the walls or woodwork in the house by screws and could not be removed without some damage to the house itself.

However, a search of the record fails to disclose any evidence that the curtains, draperies, shower curtains or rug in the bathroom were permanent fixtures in the house. The rule of annexation as permanent fixtures in this jurisdiction is:

(1) Real or constructive annexation of the article in question to the freehold.

(2) Appropriation or adaptation to the use or purpose of that part of the realty with which it is connected.

(3) The intention of the party making the annexation to make the article a permanent accession to the freehold. *Binkley* v. *Forkner* (1889), 117 Ind. 176, 178, 19 N. E. 753; *Dutton* v. *Ensley* (1898), 21 Ind. App. 46, 51 N. E. 380.

The appellees in this case rely upon the case of *McFarlane* v. *Foley* (1901), 27 Ind. App. 484, 60 N. E. 357. The court in that case cited and approved the test set out in the case of *Binkley* v. *Forkner, supra.* The question in that case, however, was decided on the special finding of fact by the court, which found that "it was the purpose and intention of Waters that said 'chandeliers and bracket lights should be and become a permanent part and parcel of said real estate.' In none of the authorities relied upon by appellant was the question of intention involved, and therefore they are not applicable to the facts in this case." We do not believe the facts in that case are analogous to the case at bar.

In the instant case a search of the entire record fails to disclose any evidence of intention or any evidence from which a proper inference might be drawn that the Menzenbergers intended the curtains and draperies to become permanent fixtures annexed to the realty. The articles were essentially personal in character and in the absence of an intention that such articles of personal property were to be attached as permanent fixtures, a mechanic's lien could not be held or enforced as to them. *Binkley* v. *Forkner, supra; McFarlane* v. *Foley, supra;* 40 C. J. 70, §45—Mechanics' Liens.

In view of the above conclusion we must hold that the decision of the court as to the appellee Fred C. Meyer was contrary to law and the trial court erred in overruling the motion for new trial as to such appellee.

We are unable to determine from the evidence the exact value of the grill work or the curtain rods and poles furnished for and installed in the property. The attorneys' fees were also allowed on the theory that a foreclosure of lien was decreed as the allowance of such fees depended solely upon the statute in regard to foreclosure of the mechanic's lien. We find no error in the admission in evidence of the intervening petitioner's

Exhibit "A" as it seems to have been properly identified.

Judgment affirmed as to the appellee American State Bank, Inc., and reversed as to appellee Fred C. Meyer with instructions to the court below to grant appellants' motion for new trial as to appellee Fred C. Meyer and for further proceedings not inconsistent with this opinion.