PEED ET AL. *v.* BENNETT ET AL.

[No. 17,203. Filed January 28, 1944.]

414

*Fenton, Steers, Beasley & Klee,* of Indianapolis, for appellants.

*Johnson & Zechiel,* of Indianapolis, for appellees.

DOWELL, J.—Appellants filed their action in replevin in the court below alleging that they were the owners and entitled to the immediate possession of a gas stove and an electric refrigerator, then alleged to be in the possession of appellees who were detaining same unlawfully from appellants.

Trial was to the court without jury resulting in finding and judgment in favor of appellees.

Error assigned is the overruling of the motion for new trial which, among other specifications, challenges the sufficiency of the evidence and the legality of the decision.

Considered in the light most favorable to appellees the evidence discloses that some time prior to September 8, 1942, appellants and appellees negotiated with reference to the purchase, by appellees, of certain real estate then owned by appellants, whereon was situated a type of building known as a duplex, the lower apartment of which was occupied by appellants as a dwelling and the upper by a tenant. The upper apartment contained the refrigerator and stove involved in the controversy here, the same having been furnished by appellants and installed in the apartment for the use of such tenant or tenants as might occupy same. Appellees, in the negotiations were informed by appellants that the upper apartment rented for $60.00 per month by reason

of the fact that the stove and refrigerator were furnished to the apartment.

On September 8, 1942, appellees made a written proposition to appellants for the purchase of the real estate which proposition was accepted by appellants on the same day. The one portion of the proposition which is pertinent to the issues here is as follows:

"It is also agreed that this purchase includes (except water heater) electrical or gas fixtures, window shades, linoleum, screens and awnings which may belong to above property that are on the premises or elsewhere."

The stove and refrigerator were not expressly mentioned in the contract, either by way of reservation to appellants, or otherwise, nor did the deed which later conveyed the real estate contain any reference to these articles nor did appellants make any parol reservation thereof.

Appellees went into possession of the real estate and about one week later the deed conveying same was delivered to them. From the record it appears that appellees moved into the lower apartment previously occupied by appellants and that the tenant already in possession of the upper apartment continued to occupy same, using the stove and refrigerator previously furnished to the apartment by appellants. Some time later appellant demanded the stove and refrigerator from appellees which demand was refused and the replevin action resulted.

From the state of the record it appears that the question of ownership of and the right of possession to the articles in question could be resolved by the trial court only by a determination of whether or not they were fixtures which passed to the purchaser of the realty upon conveyance thereof.

In considering this question we are not unmindful of

the utterances of the learned Justice Lynch who, in the case of *Re Thomas Trevey* (1866), 14 L. T. Rep. N. S. 193 said:

"Perhaps there are no subjects in law more difficult to deal with than the questions raised as to fixtures and the several relationships of property that are allowed to influence decisions as to them. The cases are legion; and each new case seems only the more to disturb any fixed or certain rule that seemed deducible from former cases, and, indeed, on most questions on this subject, a court can easily give precedents that seem to uphold the doctrine it arrives at or is anxious to arrive at."

The instant case is one between vendor and purchaser of real estate and of this much there can be little doubt, that as between such parties the modern doctrine is that the rule for determining what is a fixture is strongly construed against the vendor and in favor of the purchaser. 11 R. C. L. 1067, 1068; 22 Am. Jur. 744, § 36; 26 C. J. 720, § 110; 36 C. J. S. 984, § 43; *Van Buren* v. *Gallo* (1935), 283 N. Y. S. 453; *Anderson* v. *Perpetual Bldg. etc. Ass'n.* (1937), 172 Md. 94, 190 A. 747; 109 A. L. R. 1419; *Blake McFall Co.* v. *Wilson* (1920), 98 Ore. 626, 193 P. 902; 14 A. L. R. 1275, p. 1284. The usual tests for determining the question are (1) actual or constructive annexation of the article to the realty, (2) appropriation or adaptation to the use or purpose of the realty with which it is connected, and (3) the intention to make the annexation permanent. *Pea* v. *Pea* (1871), 35 Ind. 387.

In applying these tests as between vendor and purchaser of land the primary consideration is that of the intention. *Pea* v. *Pea supra; In Re Walker Bin Co.* (1935), D. C., N. Y. 9 Fed. Supp. 367; *Leonard* v. *Clough* (1891), 14 N. Y. S. 339; *Gen-*

*eral Parts Corp.* v. *First Trust & Savings Bank* (1928), 87 Ind. App. 501, 161 N. E. 695; *Ochs* v. *Tilton* (1914), 181 Ind. 81, 103 N. E. 837. And the intention which controls is not the mere secret or undisclosed intention of the annexor but rather the intention to be inferred from all the circumstances of the annexation. *Ochs* v. *Tilton, supra; Hopewell Mills v. Taunton Sav. Bank* (1890), 150 Mass. 519, 23 N. E. 327, 15 Am. St. Rep. 235, 6 L. R. A. 249.

And such inference is to be drawn from (a) the nature of the article annexed, (b) the relation of the party making the annexation, (c) the structure and mode of annexation, (d) the purpose or use for which the annexation has been made. *McFarlane* v. *Foley* (1901), 27 Ind. App. 484, 60 N. E. 357.

The manner of annexation is not alone controlling in determining the question for such annexation may be constructive as well as actual. So it appears that if an article is adapted for attachment to the realty and there is an intent to dedicate it thereto no restraint on its mobility other than the will of the owner is required. *Ochs* v. *Tilton, supra; In Re Walker Bin Co., supra; Dutton* v. *Ensley* (1898), 21 Ind. App. 46, 51 N. E. 380; *McFarlane* v. *Foley, supra.* Thus in the case of *Mechanics' & T. Bank* v. *Bergen Heights Realty Corp.* (1910), 122 N. Y. S. 33, it was held that cooking stoves put into an apartment house were fixtures. This was based on the fact that such stoves were usually furnished to tenants in an apartment building and were considered generally to be a part of its equipment. See also *First Mtg. Bond Co.* v. *London* (1932), 259 Mich. 688, 244 N. W. 203 (gas

stoves, wall beds, ice boxes, etc., in apartment house, held fixtures).

From the aforegoing it follows that in cases where the evidence is in conflict the inferences to be drawn in determining whether. a chattel has been changed into realty are for the trier of the facts since there is involved a mixed question of law and fact. *Ochs* v. *Tilton, supra; Chicago & E. R. Co.* v. *Fretz* (1910), 173 Ind. 519, 90 N. E. 76.

This being true we could be warranted in disturbing the decision of a trial court on the subject only when the facts are undisputed or are susceptible of but one inference and a consideration of the record convinces us that the instant case cannot fall into either category. In our opinion there was sufficient evidence from which the trial court could reasonably draw all inferences necessary to establish the identity as fixtures of the two articles involved in the controversy.

The articles in question having been so identified propositions presented by appellants with reference to the written contract between the parties do not require consideration.

The third and fourth specifications of the motion for new trial predicate error on the action of the court below in admitting certain testimony over appellants' objections. It appears that appellants' chief objection is that one of them was required, on cross-examination, to answer questions relative to the amount of rent received from the upper apartment, his representations to the appellees with respect thereto and as to whether, in order to derive such rent he furnished the refrigerator and stove to the apartment. While the matter of rental value, in itself, was outside the issues we are of the opinion that the testimony was

admissible on the question of the intention of the appellants in making the annexation. See 36 C. J. S. 1009.

Appellants, in a very able and interesting brief cite numerous cases and especially stress the case of *Citizens Bank* v. *Mergenthaler Linotype Co.* (1940), 216 Ind. 573, 25 N. E. (2d) 444, which however, is distinguishable from the case at bar in that there the relationship of vendor and vendee did not exist between the parties. Many chattels have been held to be fixtures as between vendor and purchaser of lands or as between mortgagor and mortgagee thereof which do not lose their character of personal chattels when the question is between landlord and tenant or others. 36 C. J. S. 985, 22 Am. Jur. 743 et seq.

Affirmed.

NOTE.—Reported in 52 N. E. (2d) 629.