TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* LATHAM.

[No. 7,971. Filed May 7, 1913.]

1. RAILROADS.—*Interurban.*—*Injuries to Persons on Tracks.*—*Issues of Fact.*—*Submission to Jury.*—In an action against an interurban railroad company on the theory that plaintiff's horse became unmanageable and ran upon the track, that because of the fright of the horse and the defective condition of the track he was unable to control the horse and escape from the track, and that the collision was caused either by the motorman's failure to use ordinary care to prevent the injury after plaintiff was exposed to the danger, or by the excessive and dangerous speed of the car, and the theory of the defense was that there was not sufficient time to stop the car after plaintiff got upon the track, that plaintiff's failure to escape from the track was not due to any defects therein, and that the collision was not due to the excessive speed

Terre Haute, etc., Traction Co. *v.* Latham—53 Ind. App. 366.

of the car, it was the court's duty to submit the questions of fact to the jury for its decision. p. 369.

2. RAILROADS.—*Tracks in Highway.—Duty to Restore and Maintain Highway in Condition.*—Where a railroad company has constructed its track in a highway, it must restore the highway to a reasonable condition of safety and convenience in view of the new use to which it has been appropriated, and must thereafter use reasonable care to maintain it in such condition, but the company is not an insurer against all defects, and is not required to go beyond the exercise of proper care and skill under the circumstances to prevent injury to the person or property of others. p. 369.

3. RAILROADS.—*Tracks in Highway.—Duty to Restore and Maintain Highway in Condition.—Instructions.*—An instruction that the law requires a railway company to construct and maintain its tracks so that the public may use the highway with reasonable safety, that the company is liable for injuries proximately resulting from failure so to do, and that whether a particular highway is reasonably safe for public travel is a question for the jury under all the conditions and circumstances of the particular case, is erroneous in imposing upon defendant the absolute duty to maintain the highway in a condition reasonably safe for use, and in failing to submit the further question of whether the defects, if the jury found the highway unsafe, were due to a want of care and skill on the part of defendant. p. 370.

4. RAILROADS.—*Injury to Persons on Tracks.—Last Clear Chance. —Instructions.*—Where the negligence of plaintiff continues up to the time of the injury and concurs with that of defendant in producing the injury, the doctrine of last clear chance is not applicable, so that, in an action for injuries in being struck by an interurban car while driving upon defendant's track, an instruction was erroneous which stated that even if plaintiff was guilty of negligence in driving upon the track, he may nevertheless recover, if the motorman by the exercise of ordinary care could have discovered his peril and avoided the collision. p. 370.

5. RAILROADS.—*Injury to Persons on Tracks.—Last Clear Chance. —*The doctrine of last clear chance is applicable in the case of one who was struck by an interurban car while driving upon defendant's track, although he got upon the track through his own negligence, if, by reason of defects in the street, for which defendant was responsible, and the frightened condition of plaintiff's horse, plaintiff was unable, by the exercise of due care, to extricate himself from the danger in time to avoid the injury, and if by the exercise of due care by defendant the injury could have been prevented. p. 371.

6. APPEAL.—*Review.—Presumptions.—Prejudicial Error.*—The pre-

sumption is in favor of the judgment of the trial court and appellant has the burden of showing material error, and when such error is shown it will be presumed to have been prejudicial unless the contrary affirmatively appears from the record.   p. 371.

From Putnam Circuit Court; *John M. Rawley,* Judge.

Action by Oscar Latham against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for plaintiff, the defendant appeals.   *Reversed.*

*Thomas T. Moore, A. W. Knight* and *McNutt, Wallace & Sanders,* for appellant.
*S. A. Hays* and *Thomas W. Hutchison,* for appellee.

LAIRY, J.—Appellee recovered a judgment for damages resulting from personal injuries which he received in a collision with one of appellant's interurban cars.   For some distance east of the city of Brazil, Indiana, appellant maintained its tracks and operated its cars along the centre of a highway known as the National Road.   At the time appellee received his injury he was on this highway just east of the city limits of Brazil and was riding in a buggy drawn by a single horse.   He was going east and the car which collided with his buggy and caused his injury approached from the rear.   The case went to trial upon two paragraphs of complaint.   The first paragraph charged that appellant was negligent in the particulars, following: first, that appellant ran and operated its car at a high and dangerous rate of speed; second, that appellant negligently constructed and maintained its tracks in the highway with the rails six inches above the traveled part of the road; third, that appellant's motorman negligently failed to apply the brakes to the car after he discovered the danger to appellee.   The third paragraph proceeds upon the theory that appellee was in a dangerous situation on the tracks of appellant from which he was unable to escape by the exercise of care on his part, and that the motorman of appellant, after discovering his peril, or after he should have

discovered it by the exercise of ordinary care, negligently failed to prevent the collision.

The only ground relied on for reversal is the action of the court in overruling appellant's motion for a new trial. The specific errors assigned as grounds for a new trial are the giving of certain instructions. The theory of appellee was that his horse became frightened and unmanageable and ran upon the tracks of appellant, and that, by reason of the fright of the horse and the defective condition of the tracks he was unable to control the horse and drive the buggy off of the tracks. According to the theory of appellee, the collision was caused either by the failure of the motorman to exercise ordinary care to prevent the collision after appellee was exposed to the danger, or on account of the excessive and dangerous rate of speed at which the car was being operated. Appellant defended upon the theory, first, that there was not sufficient time to stop the car after appellee got upon the track, second, that the failure of appellee to escape from the track before he was struck was not due to the defective condition of the track, and, third, that the collision was not due to the excessive speed of the car. It was the duty of the court to submit the questions of fact to the jury for its decision. Under our statute it was the duty of appellant after constructing its track, to restore the highway to a reasonable condition of safety and convenience in view of the new use to which it had been appropriated, and thereafter, it was appellant's duty to exercise reasonable care to maintain it in such condition. It can not be said, however, that the duty is of such an absolute character as to make the company an insurer against all defects. The company is required to use proper care and skill under the circumstances to prevent injury to the person or property of others, but beyond this it is not required to go. *Cleveland, etc., R. Co.* v. *Wisehart* (1903), 161 Ind.

208, 67 N. E. 993; *Terre Haute, etc., R. Co.* v. *Clem* (1890), 123 Ind. 15, 23 N. E. 965, 7 L. R. A. 588, 18 Am. St. 303; *Evansville, etc., R. Co.* v. *Crist* (1889), 116 Ind. 446, 19 N. E. 310, 2 L. R. A. 450, 9 Am. St. 865.

3. Instruction No. 7 is as follows: "The law requires railway companies to construct and maintain their tracks so that the public who travel thereon may be enabled to use the highway with reasonable safety and they become liable for all injuries resulting as a proximate consequence of a failure on their part to comply with their duty in that behalf. Whether any particular highway is reasonably safe for public travel is a question for the jury under all conditions and circumstances of the particular case." Under this instruction the only question submitted to the jury was whether the highway was in a reasonably safe condition for travel. If the jury found that it was in an unsafe condition for travel, the further question should have been submitted, whether such unsafe condition was due to a want of care and skill on the part of appellant in maintaining the highway in reference to its tracks. The instruction imposes the absolute duty on appellant to maintain the highway with reference to its tracks in such a condition as to be reasonably safe for use, whereas the law exacts only reasonable care and skill in this regard. The instruction was therefore erroneous.

4. Instruction No. 16 is erroneous. This instruction is based upon the doctrine of last clear chance. It tells the jury in substance that even if appellee was guilty of negligence in driving upon the track, he may nevertheless recover, if the motorman by the exercise of ordinary care could have discovered his peril and avoided the collision. It is clear that if appellee negligently entered upon the track, he would not be excused from exercising care for his own safety after that time and before the collision. If he had an opportunity to get off the track and avoid the injury, it was his duty to do so. If his

NOVEMBER TERM, 1912. 371

Terre Haute, etc., Traction Co. *v.* Latham—53 Ind. App. 366.

negligence continued up to the very time of the injury and concurred with that of appellant in producing it, there is no room for the application of the doctrine of last clear chance. *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. ——, 96 N. E. 973. If by reason of the defects in the street and the frightened condition of the horse, plaintiff was unable, by the exercise of due care, to extricate himself from the danger in time to avoid the injury, and if appellant's motorman by the exercise of due care could have prevented the injury and failed to do so, this would give room for the application of the doctrine of last clear chance; but under this instruction the jury is not required to find such a state of facts before applying the doctrine. This instruction would justify a verdict in favor of the plaintiff even though he was negligent in entering upon the track, and even though his negligence continued up to the accident and concurred in producing it.

Appellant also points out objections to instructions Nos. 9, 10, 14, 18 and 19. We have examined these instructions and find that, with the exception of instruction No. 10, they are open to some of the objections urged against them. It would unnecessarily extend this opinion to discuss each of these instructions separately. The objections have been pointed out in appellant's brief, and we have no reason to believe that they will not be avoided in another trial of the case.

Counsel for appellee do not seriously contend that the instructions properly state the law, but it is insisted that the errors complained of did not affect the substantial rights of the litigants and that the judgment should be affirmed notwithstanding the erroneous instructions. If we were in a position to say that the erroneous instructions did not affect the result we would not hesitate to affirm the case, but the record does not show affirmatively that the errors pointed out did not affect the verdict. The presumption is in favor of the judgment of the trial

court and the burden is upon appellant to point out a material error; but, when a material error is pointed out, it is presumed to have been prejudicial unless the record shows affirmatively that it did not affect the result. In a recent decision the Supreme Court states the rule thus: "As a general rule, where it is shown in a case on appeal to this court that the trial court committed a material error in some ruling, either in giving instructions or otherwise, we must presume that such erroneous ruling was prejudicial to the party complaining in respect thereto, unless it affirmatively appears in some manner from the record that the ruling was harmless, and the burden is not upon the party claiming to be aggrieved thereby to show that he was prejudiced by the erroneous ruling, but the burden rests upon the opposite party to show by the record in the case that the party complaining was not harmed thereby." *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 376, 91 N. E. 238.

The judgment is reversed with directions to sustain defendant's motion for a new trial, and for other proceedings not inconsistent with this opinion.

NOTE.—Reported in 101 N. E. 746. See also, under (1) 33 Cyc. 896; (2) 33 Cyc. 236; (4) 33 Cyc. 854; (6) 3 Cyc. 275, 386. As to obligations of street railway company to municipality in respect of care of streets occupied for roadbed, see note to *Western P. & S. Co.* v. *Street Railroad Co.* (Ind.), 25 Am. St. 475. As to street car collisions with vehicles or horses, generally, see 25 L. R. A. 508. As to frightening of horse by street car, see 34 L. R. A. 486; 21 L. R. A. (N. S.) 288. On the question whether wantonness or wilfulness, precluding defense of contributory negligence, may be predicated on the omission of a duty before the discovery of a person in peril on a railroad or street railway track, see 21 L. R. A. (N. S.) 427. For a discussion of the duty and liability of a street railway as to vehicles moving along its tracks, see 7 Ann. Cas. 1127, 18 Ann. Cas. 510.