## WACHTER *v.* DEWES.

[No. 16,437.   Filed December 2, 1940.]

*Arthur E. Letsinger,* of Crown Point, for appellant.

*Harold S. Barr* and *Ray C. Hedman,* both of Crown Point, for appellee.

LAYMON, C. J.—Appellee instituted this action to recover for labor and materials alleged to have been furnished by him in the construction of a bridge over a ditch situated on appellant's farm.

The complaint was in two paragraphs, each paragraph alleging that appellee furnished labor and certain materials at the appellant's special instance and request, all of which is shown by bill of particulars filed with the complaint. Appellant answered the complaint by a general denial and a second paragraph alleging that appellee agreed to construct the bridge and furnish all labor and material at an agreed price of $375, and that the contract had been fully performed and the contract price paid in full before the commencement of this action. The issues were closed by a general

denial filed to the second paragraph of answer. The cause was tried by the court without a jury, resulting in a finding and judgment that appellee recover of and from appellant the sum of $275 and costs. In due time appellant unsuccessfully moved for a new trial upon the grounds that the decision is not sustained by sufficient evidence and is contrary to law and that "the court erred in excluding all evidence offered by the defendant showing plaintiff furnished all the equipment necessary in the construction of said cement bridge and that he made no charge for the use of the same during said construction and further that it was the custom of contractors to make charges for the use of the equipment furnished upon construction when the same was contracted for by time and material; that said evidence, as denied, would establish said contract was for a fixed amount as alleged by the defendant, rather than on a time and material basis as found by the court."

This last specification in the motion for a new trial is too indefinite and uncertain to present any question for review. *Kimmick* v. *Linn* (1940), 217 Ind. 485, 29 N. E. (2d) 207.

A brief summary of the evidence discloses: That appellee had been engaged in the contracting business for 16 years; that prior to December of 1936, he had numerous conversations with appellant relative to the construction of a bridge over a ditch upon appellant's farm; and that these conversations culminated in an agreement that appellee was to construct the bridge. Appellee began the construction on December 16, 1936, and completed the bridge on January 7, 1937. He testified that during one of the discussions concerning the construction of the bridge the following conversation took place:

Appellant: "If you will take the job by the day, will you treat me the same as you would treat your neighbor or your brother?"

Appellee: "I would, I would take it by the day or the hour, and I would treat you the same as I would treat my nearest neighbor."

Appellant: "That would be fine. I would like to have you do the job then."

In the course of the construction of the bridge, appellee and three men employed by him furnished labor in the execution of the work totaling 380 hours at the rate of 75 cents per hour for appellee and 70 cents per hour for each of the other three men. This was a reasonable value for such services in the vicinity where the work was done. Steel I-beams were used which were purchased from a supply company at Chicago Heights. At the time they were procured appellant made a deposit of $20. Later, at the request of appellant, appellee delivered $110, the balance, which appellant gave to him, to the company. Planks were used which were purchased and paid for by appellant in the amount of $59.20. Stone and cement used in the construction of the bridge were purchased of L. Keilman Company and charged by the company to appellee in the amount of $203.72. This bill remains unpaid. The total labor bill incurred amounted to $285. Appellant paid appellee the sum of $219, consisting of one payment of $10, one of $60, and one of $125, all in cash, and a hog valued at $24. Appellant testified that appellee had agreed to construct the bridge for the sum of $375. Appellee testified that he did not at any time agree to do the work for this price.

It is contended by appellant that under the evidence appellee should not be permitted to recover the sum of

$203.72 for the stone and cement used in the construction of the bridge because appellee was merely the agent for appellant in purchasing these materials from L. Keilman Company; that these materials have not been paid for and that consequently liability remains with appellant.

It has been held many times by this court and by our Supreme Court that an appellate tribunal will not weigh evidence on appeal but will consider the evidence most favorable to the finding. The fact that the stone and cement were furnished by L. Keilman Company to appellee and charged to him by the company was sufficient to warrant the conclusion that appellee was liable to the company upon an implied contract.

Appellant sought to defeat recovery upon the theory of an express contract. Whether such contract existed was a question of fact to be determined from the evidence, the burden of establishing such fact being upon appellant. The record discloses that the evidence upon this issue was conflicting; consequently it was within the sole province of the trial court to determine whether such contract existed.

Appellant objects lastly to recovery being had upon proof of *quantum meruit* when the complaint alleged that the services were rendered at appellant's special instance and request. In view of § 2-1063, Burns' 1933, this objection cannot be urged for the first time on appeal, and the pleadings will be treated as having been amended to correspond with the evidence. *Freas* v. *Custer* (1929), 201 Ind. 159, 166 N. E. 434.

We conclude that there was no error in the overruling of appellant's motion for a new trial. Judgment affirmed.

NOTE.—Reported in 29 N. E. (2d) 1001.