HOME EQUIPMENT COMPANY, INC. *v.* GORHAM.

[No. 27,525.   Filed April 8, 1941.   Rehearing denied April 29, 1941.]

*Sumner Kenner* and *Burr H. Glenn,* both of Huntington, for appellant.

*H. Hugh Kennerk,* of Fort Wayne, and *M. J. O'Malley,* of Huntington, for appellee.

SWAIM, C. J.—This action was begun by the appellee by his filing a complaint in one paragraph, seeking to recover from the appellant, The Home Equipment Company, Inc., certain wages alleged to be due. The appellant filed an answer in two paragraphs, the first, a general denial, and the second, admitting an indebtedness of $283.55 to appellee for salary as of December 31, 1934, but alleging the execution of a contract by the appellant and its employees, including the appellee, by which contract the appellant agreed to "set aside in a separate account ⅓ of all of its net earnings that may accumulate in any future ninety days period for the benefit and payment to" its employees (including the appellee) of the amounts set opposite their respective names, "this bonus to be paid as and when it is earned" in proportion to the amount due each. The appellant further agreed that when these amounts had been paid to its employees in full another "bonus agreement" should take its place. The contract further provided that the employees, including the appellee, "hereby release the Home Equipment Company, Inc., from any claims that they may have under headings of 'salary holdbacks.'" To this second paragraph of answer the appellee filed two paragraphs of reply setting up: (1) that there had been a failure of consideration by reason of the failure and refusal of the appellant to set aside one-third of its net earnings, pursuant to the provisions of the contract; and (2) that the contract was illegal and against public policy. The appellant also filed a cross-complaint alleging that the appellee was indebted to the appellant in the sum of $600.00.

The court found the facts specially and stated its conclusions of law thereon. The essential facts as

found by the court may be summarized as follows: The appellant was a corporation engaged in the business of selling electrical equipment. The appellee entered into the employment of the appellant in 1928, and remained in said employment until in November, 1937. The appellee worked for the appellant as a radio service man and as installation man for electrical equipment.

During the period from 1930 to 1934 the appellant experienced serious financial difficulties and attempted various plans for the purpose of keeping its organization together, to prevent laying off its employees, and to prevent excessive wage reductions. These plans involved holding back a certain percentage of the salary of the employees and were all agreed to by the employees. Said employees were permitted to purchase merchandise from the appellant on account and such merchandise accounts were later charged against their salary hold-back accounts.

In April, 1933, at a meeting held by the appellant and its employees, at which meeting appellee was present, it was agreed that the salary "hold-backs" of the employees were to be paid only and solely out of the future profits of the company. On December 31, 1934, after deducting the amount due appellant for merchandise purchased by appellee, it was agreed that the balance due appellee for salary "hold-backs" was $283.55. At the same time the amounts due to the other employees on account of the salary "hold-backs" were determined, and the appellant and said employees thereupon entered into a written plan and agreement designated a "bonus agreement" and each of said employees and the appellant company "executed said written agreement in consideration of the execution thereof by each of the other parties thereto, and for good and valuable consideration." Said agreement so entered into

was the agreement described by the appellant in its second paragraph of answer herein. After the appellee signed said agreement he remained in the employment of the appellant until November, 1937, during which time he had three increases in salary. Special finding No. 8 was as follows:

"I find that the amount sued upon in plaintiff's complaint is the amount of wages due plaintiff from defendant company by virtue of the agreement set out in Finding No. 5."

After the appellee left the employment of the appellant in November, 1937, he made a written demand on the appellant "for wages then claimed due."

There was no finding that appellant had any net earnings after the execution of the said "bonus agreement," nor was there any finding that the appellant had, or had not, complied with its agreement to set aside one-third of its net earnings, if any, for the benefit of the appellee and the other employees.

The first conclusion of law was as follows:

"I find on the issue raised by plaintiff's complaint and defendant's answer thereto that the law is with the plaintiff and that he should recover the sum of two hundred eighty-three and 55/100 dollars ($283.55) with interest at six per cent (6%) from November 24, 1937 to this date, making in all Three Hundred Fourteen and 73/100 Dollars ($314.73)."

The second conclusion of law concluded that the appellant on its cross-complaint should recover the sum of $11.59, which amount should be deducted from the amount due appellee, leaving a balance of $303.14 due appellee.

The only alleged errors upon which the appellant relies are that the court erred in its first and second conclusions of law.

The contention of the appellant is that the trial court erred in permitting a recovery by the appellee of wages, all claims to which had been released by the appellee by the provisions of the "bonus agreement." The appellant insists that since the amount of wages due the appellee, on December 31, 1934, was to be paid only out of a special fund set aside out of net earnings and since the court made no finding that such fund had been created or that appellant had made net earnings and had failed or refused to create such fund the special findings did not support the conclusions of law that appellee should recover.

The silence of special findings in regard to a material fact is equivalent to an express finding against the one having the burden of proving such fact. *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 24 N. E. (2d) 912; *State Bank* v. *Backus* (1903), 160 Ind. 682, 67 N. E. 512.

If the bonus agreement, by which the appellee released his claim to the wages then due to him and agreed to look solely to the future net earnings of the company for the payment of the amount, was a valid contract, he could not maintain a suit for the amount of such wages but could only recover the amount pursuant to the provisions of said contract.

The appellee contends that the bonus agreement was not a valid contract since the employees merely set out in writing the prior parol agreements of the parties, which agreements were contrary to the provisions of § 40-101 and § 40-102, Burns' 1940 Replacement, § 10003 and § 10004, Baldwin's 1934, which provide for the time and manner of payment of wages to employees. With this contention we cannot agree. The written agreement between the parties here involved only a balance due for wages, after the employee had voluntarily purchased

merchandise from the appellant and had agreed to a deduction of the amount of his merchandise from the balance due for wages. The employees were interested in having the organization of the employer held together and in avoiding more severe salary reductions and lay-offs. The plan of avoiding these undesirable results, which they adopted by the execution of the bonus agreement, was not in conflict with the provision of said statute.

The mutual agreements of the employer and of the other employees under the circumstances, shown by the special findings, would constitute sufficient consideration to support the release by the appellee of his claims to the balance of his account for wages. The court found that there was good and valuable consideration for the contract and since the truth of the findings was not questioned the findings must be accepted as stating the true facts.

The contract must be considered as valid and binding on the appellee unless it was vitiated by the failure of the appellant to perform its obligations thereunder. If the appellant made no net earnings there was no obligation for it to perform. If it did realize net earnings and failed to set up a fund therefrom for the benefit of the employees, such failure would constitute a breach of the contract on its part. The appellee insists that since the appellant set up the contract in a special answer to defeat the action of the appellee for wages, the appellant had the burden of proving that it had complied with all of its obligations under the contract, before it could avail itself of the defense of the release by the appellee. The appellant, on the other hand, contends that the appellee had the burden of alleging and proving a breach of the contract by the appellant in order to avoid the effect of the

release. If performance by the appellant had constituted a condition precedent to the release by the appellee, it would have been necessary for the appellant to prove performance on its part. In the instant case, however, the release by the appellee was, at least in form, a present release executed·in consideration of a similar release by each of the other employees and the promise by the appellant of future performance conditioned on there being future net earnings of the company. The performance by the appellant could not, therefore, have been a condition precedent to the release by the appellee. The appellant's breach of the contract, if any, constituted new matter which it was necessary for the appellee to plead and prove in order to avoid the effect of the contract set up by the appellant in its answer, the execution of which contract, for a good and valuable consideration, was found by the court. The appellee attempted to plead the appellant's breach of the contract in his third paragraph of reply, but the court included no facts in its special findings to support the allegations of said pleading. Since the burden of proving the breach was on the appellee and inasmuch as there was no finding of a breach, we must consider it as equivalent to a finding that there was no breach of the contract by the appellant. The contract was, therefore, valid and binding as against the appellee and he could not maintain his action for wages.

The appellee insists that special finding No. 8 was sufficient to support the conclusion of law that the appellee should recover. Finding No. 8, however, seems to entirely ignore the release by the appellee of his claim to wages, to which he agreed by his execution of the bonus agreement. The finding in question finds that there was an amount of wages due appellee by *virtue* of said bonus agreement. This find-

462

ing amounts to a conclusion by the court contrary to its findings of fact. After finding that the parties entered into the bonus agreement and that by the bonus agreement the appellee had released the appellant from any claims that he might have for wages the court could not destroy the effect of the contract so found by a mere conclusion that wages were due to the appellee from the appellant company, without a finding of facts sufficient to avoid the effect of the contract. Finding No. 8 said that wages were due the appellee by virtue of the bonus agreement. The bonus agreement set out in finding number 5 released all claims of the appellee to wages. Nothing could be due appellee *by virtue* of such agreement, except his proportionate amount of the fund set up from the net earnings of the company.

Since the conclusions of law are not supported by the special findings of the court the judgment is reversed with instructions to the trial court to restate its conclusions of law in conformity with this opinion.

NOTE.—Reported in 33 N. E. (2d) 99.