## GARY RAILWAYS COMPANY *v.* MICHAEL

[No. 16,514. Filed May 26, 1941. Rehearing denied October 23, 1941. Transfer denied November 26, 1941.]

674

*Hodges, Ridgely & Davis,* of Gary, for appellant.

*Morris Chudom* and *Joseph Gillman,* both of Gary, and *James P. Gleason,* of Michigan City, for appellee.

DeVoss, P. J.—This is an action by appellee for alleged personal injuries alleged to have been sustained by reason of a collision of an automobile in which appellee was riding, with a street car, owned and operated by appellant.

The complaint was in one paragraph, and among other things, alleged that the plaintiff was riding in a westerly direction in an automobile along Fifth avenue in the city of Gary, Indiana; that said Fifth avenue was divided into two portions, the north portion consisting of a concrete pavement about fifteen feet wide carrying westbound traffic, and the south portion of like construction and width carrying eastbound traffic; that on said Fifth avenue, appellant maintained a street car track upon which cars were operated by appellant, and that the north rail thereof was about one foot south of the north portion of said pavement, which pavement carried westbound traffic, and that the one foot space between said pavement and the north rail of appellant's car track was filled with sand, and about five inches lower than the pavement.

It is further alleged that the appellee had no control over the driver and operator of the car in which she was riding; that when said automobile reached the intersection of Fifth avenue and Porter street of said city, a motor truck attempted to and did pass the car

in which she was riding, to the right side of said car and crowded said car off the paved portion of said highway and into the sand between the north rail of appellant's railroad and the south edge of the concrete pavement; that by reason of the sand in the portion between the track and the paved portion of Fifth avenue, said car became stalled, and the operator of said car could not get the car out; that appellant corporation, by and through its agents acting within the scope of their authority, operated one of its street cars upon the said track in an easterly direction and struck the stalled automobile in which the plaintiff was riding; and that plaintiff was injured thereby; and that by reason thereof and as a result of the negligence of appellant corporation, plaintiff suffered damages.

The complaint charges appellant with negligence in failing to keep a lookout for traffic on said Fifth avenue, and in permitting and allowing defects in its right of way by failure to fill with hard substance the space between its north rail and the south edge of the pavement, and by permitting said space to be uneven with the pavement. To this complaint, appellee filed an answer in general denial. The cause was submitted to a jury; and the jury returned into court a verdict for appellee in the sum of $1,800, upon which judgment was rendered. Appellant filed its motion for a new trial, which was by the court overruled; and from this ruling of the court, appellant appealed.

The only error assigned for reversal in this court is the overruling of appellant's motion for a new trial. The errors assigned in said motion for a new trial and relied upon in this appeal are as follows: The verdict of the jury is not sustained by sufficient evidence; the verdict of the jury is contrary to law; the damages are excessive; the refusal of the court to give certain

instructions tendered by appellant; and the giving of certain instructions by the court of its own motion.

Under the assigned error, appellant first contends that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. It is insisted by appellant that the evidence discloses that the car in which appellee was riding was crowded off the pavement, by a truck, in front of the street car, and that the driver of said car voluntarily turned said automobile in front of the street car of appellant, and that such acts were the proximate causes of the injury complained of.

There was evidence tending to establish the fact that at the time of the accident in question, Fifth avenue, a street in the city of Gary, extended east and west and was approximately sixty feet in width, and that appellant maintained a street car track near the center thereof, upon which it operated its street cars; that Fifth avenue to the north and to the south of said track was paved, and each portion of said highway was approximately eighteen feet wide. The paved portion of the highway north of said track carried westbound traffic in two lanes, and the highway to the south of said track carried eastbound traffic in two lanes. It is further disclosed that on the day of the accident, and at the place thereof, there was a space of approximately two feet between the south edge of the north pavement and the north rail of appellant's track, which was unpaved and filled with sand or cinders; that said space was six inches lower than the pavement. The car in which appellee was riding was being driven by her husband west on the pavement north of said track and in the south lane of traffic adjacent to appellant's railroad track, and that the car was turned a little to the south to permit a truck to pass, and in so doing the left rear wheel of the automobile went off of the

highway on the right of way of appellant and into the sand, and that by reason of the sand and the lower level of said unpaved portion, he could not get back on the pavement. That he stopped his automobile and waited until the truck went by and tried again to get on the pavement, and the street car of appellant coming from the west struck said automobile and injured appellee.

The jury heard all of the evidence and we cannot say that its verdict was not sustained by any competent evidence. It is unnecessary to cite authority to the effect that the Appellate Court will not weigh conflicting evidence.

It is next contended by appellant that the damages awarded by the jury are excessive. It is disclosed by the evidence that the head of appellee was split open over the eye and required three or four stitches over the eyelid, and that the injury has affected the opening and closing of her eyelid; that she spent five weeks confined to her bed; and that she has no sense of feeling above the eye which was injured. The matter of the amount of recovery was a matter solely for the jury to determine, and we do not think the amount so fixed by the jury would indicate any prejudice.

Appellant next contends that the court erroneously refused to give instruction No. 1, directing a verdict for appellant. It is not error to refuse this instruction as there was some competent evidence to sustain such verdict.

Instruction No. 11, tendered by appellant and refused by the court, informed the jury that if, at the time of injury, the husband of plaintiff was driving the automobile as her agent, or, if the plaintiff and her husband jointly owned said car and it was

being operated by him and his wife jointly at the time of the injury, it was the duty of her husband, as he proceeded west on Fifth avenue, to keep a lookout for the street car; and if, under said facts, plaintiff's husband did not exercise such care and thereby contributed to or caused the injury, the verdict should be for the defendant.

It is contended by appellant that this instruction was a proper one, and should have been given by the court by reason of the fact that there was some evidence relative to the capacity in which plaintiff's husband was acting when driving the car. Appellee testified that the car was registered in her name and that her husband was driving the car for her and himself. The question of agency was a proper and a material issue in this case. If, as a matter of fact, appellee's husband was acting as her agent in the driving of the car, then his negligence, if such negligence proximately contributed to appellee's injury, would as a matter of law be imputed to her, and she could not recover. We think this was a proper instruction inasmuch as the question of agency is not covered by any instruction of the court. If the operation of the car was a joint operation, and if such joint operation was negligent and proximately contributed to or caused the injury, appellee could not recover, and this instruction so informed the jury.

Appellant further predicates error on the giving to the jury, by the court of its own motion, instruction No. 9. Such instruction reads as follows: "The court instructs the jury that a legal duty is imposed upon street railways independently of statutes or municipal ordinances to construct and maintain their roads and rails in such manner that the use of the street by the public shall not be materially impaired or rendered

dangerous so far as practicable and consistent of their use of the street. But it is not the duty of the street railway company to keep in repair its tracks beyond the end of the ties of said tracks. It is for you to determine, from a fair preponderance of the evidence in this case, whether or not the plaintiff's automobile was stalled in a portion of the defendant's right of way which it was not the defendant's duty to keep in repair."

The instruction was erroneous for the reason that it established a higher legal duty than is imposed by law. It imposes an absolute and imperative duty on appellant to maintain its road in such a condition that it shall not be rendered dangerous. The law relative to such maintenance exacts only the exercise of reasonable care to keep its right of way in a reasonably safe condition. Giving significance to the words, "the use of the street shall not be . . . rendered dangerous," as applied to the instant case, they must mean, that regardless of what precautions, care, and skill were exercised by appellant Railways Company, yet, if, after doing all that was possible to render the right of way safe for the public, it still was dangerous, the appellant Railways Company would be guilty of negligence and liable therefor. We cannot give such a broad interpretation to the rule in question.

In the case of *Union Traction Co.* v. *Berry, Admr.* (1919), 188 Ind. 514, 521, 124 N. E. 737, in passing upon a question similar to the one here involved, the Supreme Court said:

"In submitting the determination to a jury of a question of negligence, which is a mixed question of law and fact, the court is required to define the duty which the law imposes. This duty is defined by the law as 'due care,' 'ordinary care,' or 'reasonable care,' which terms are regarded by the courts as having the same significance. It is also the duty

of the court to state the rule fixing the standard of care which will measure up to the duty imposed by law. The court should then leave it to the jury to decide whether the acts and conduct of the defendant in respect to the matter before the court measures up to the standard of care fixed by the law. In defining the duty and fixing the standard of care by which the jury is to measure the conduct of the defendant, the court does not consider the facts of the particular case. The duty is the same under all relations, and the standard of care which will measure up to the duty in all cases is such care as a person of reasonable or ordinary prudence would exercise in view of all the conditions and circumstances as disclosed by the evidence in the particular case. It is for the jury to consider the conditions and circumstances disclosed by the evidence in determining what action should have been taken or avoided, what precautions should have been employed, and what course of conduct should have been pursued in order to measure up to the duty of 'due care' which the law imposes. In determining this fact the jury applies the standard furnished by the court, which is, What would a person of ordinary prudence have regarded as reasonably necessary or proper under the circumstances shown?" *Terre Haute, etc., Traction Co.* v. *Latham* (1913), 53 Ind. App. 366, 101 N. E. 746. *Town of Monticello* v. *Kennard* (1893), 7 Ind. App. 135, 34 N. E. 454; Thornton on Indiana Instructions to Jury, Vol. 2, § 2122, p. 1421. *City of Richmond* v. *Mulholland* (1888), 116 Ind. 173, 18 N. E. 832. *Indianapolis St. R. Co.* v. *Fearnaught* (1907), 40 Ind. App., 333, 339, 82 N. E. 102.

Since the judgment herein must be reversed for errors of the court as herein set out, we do not deem it necessary to discuss the other questions presented, which may not arise on a re-trial of this case.

Judgment reversed with instruction to sustain appellant's motion for a new trial.

NOTE.—Reported in 34 N. E. (2d) 159.