WOODROW *v.* WOODROW

[No. 19,331. Filed March 1, 1961.]

*Wallace & Wallace, James B. Wallace, William A. Loy,* all of Covington, *Foley & Berry* and *John R. Berry,* of Crawfordsville, for appellant.

*White & White, Luke White, Vincent F. Grogg,* all of Covington, *Harding & Henthorn* and *Carl Henthorn,* of Crawfordsville, for appellee.

COOPER, J.—This appeal arises out of an action brought for damages for personal injuries and also of personal property which occurred in an automobile collision. The appellant's complaint was in two paragraphs, one being for personal injury, and the other for property damages.

The appellee filed his answer denying the allegations of each rhetorical paragraph contained in the appellant's paragraph numbers one and two of the complaint.

The cause was submitted to the court for trial, and, at the written request of the appellee herein, the court entered Special Finding of Facts and stated its Conclusions of Law thereon, which conclusions read as follows:

"1. The stopping of plaintiff's car by him on the main traveled portion of the highway, outside of a business or residence district, for the purpose of hunting pheasants, was a violation of the statutes of the state of Indiana, not within any exception thereof and without any legal excuse therefor.

"2. The stopping of the plaintiff's car by him on the main traveled portion of the highway, outside of a business or residence district, for the purpose of hunting pheasants and without any legal excuse therefor, constituted contributory negligence on the part of the plaintiff and was a proximate cause of the collision.

"3. The plaintiff was guilty of negligence which proximately contributed to the injuries and damages complained of by him.

"4. The plaintiff was guilty of contributory negligence.

"5. The plaintiff shall take nothing by either paragraph of his complaint.

"6. The defendant is entitled to a judgment that the plaintiff take nothing by reason of his complaint herein and for costs."

Thereafter, the trial court rendered the following judgment in favor of the appellee herein:

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the plaintiff take nothing by his complaint and that plaintiff pay the costs taxed at $—."

Thereafter, the appellant herein filed his Motion for a New Trial which the court overruled. The Motion for a New Trial set forth the following grounds:

"1. The finding of the court is not sustained by sufficient evidence.

"2. The finding of the court is contrary to law.

"3. The court erred and abused its discretion in not permitting plaintiff to have a reasonable time to study the authorities and prepare a reply to defendant's brief, consisting of twenty-two (22)

typewritten pages and approximately seventy (70) citations of authority, before rendering judgment for defendant herein.

"Plaintiff attaches hereto, files herewith and makes a part hereof, the affidavit of his attorneys, James B. Wallace and John R. Berry, in support of causes for new trial numbered —.

"Wherefore, plaintiff prays the court to either:

"(a)   Grant a new trial herein, or

"(b)   Under Rule 1-8 of the Indiana Supreme Court to make new findings of fact and conclusions of law, and direct the entry of a new judgment, in favor of plaintiff."

The only error assigned here is the overruling of the aforesaid motion for new trial.

A review of the record before us reveals this is an appeal from a negative judgment; therefore, the assignment of error, "The decision of the court is not sustained by sufficient evidence", presents nothing for our consideration. The general rule of law under such circumstances is well stated in the case of *Leckrone* v. *Lawler* (1954) (T. D.) 125 Ind. App. 35, 37, 118 N. E. 2d 381, wherein we held:

"As the finding was negative to appellants who had the burden of proof, they cannot challenge the insufficiency of the evidence to sustain the finding, *Myers* v. *Brane* (1944), 115 Ind. App. 144, 57 N. E. 2d 594; *Wilson, Admrx.* v. *Rollings, et al.* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905." See also *Hinds, Executor Etc.*, v. *McNair, et al.* (1955), 235 Ind. 34, 40, 41, 129 N. E. 2d 553.

The appellant also asserts the decision is contrary to law, which, as pointed out in the cases of *Metrailer et al.* v. *Bishop et al.* (1959), 130 Ind. App. 77, 162 N. E. 2d 94, and *Leckrone* v. *Lawler, supra,* they may do. However, "It is only where the evidence is without conflict and can lead to but one conclusion,

. . . that the decision of the trial court will be set aside on the ground that it is contrary to law. *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 78 N. E. 2d 447, *supra''. Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

In the appellant's Proposition A of argument, it is their general conclusion, "There is no evidence to sustain the trial court's special finding and conclusion that the stopping of plaintiff's automobile on the highway constituted contributory negligence, and was a proximate cause of the collision of defendant's car and the plaintiff's car, the resultant injuries to the plaintiff and the damage to plaintiff's automobile".

In the different points under this proposition the appellant discusses "proximate cause", "contributory negligence", etc.

Under the appellant's Proposition B, the appellant discusses, among other things, the doctrine of "last clear chance". We will consider the three foregoing propositions together. Being mindful that this court will not weigh the evidence and will only consider that evidence most favorable to the decision of the trial court, *Gary Railways Company* v. *Michael* (1941), (T. D.) 109 Ind. App. 672, 34 N. E. 2d 159; *Carlson, Admr.* v. *Kesler* (1935) (T. D. 1937) 103 Ind. App. 350, 198 N. E. 451; *Wachter* v. *Dewes* (1940) 108 Ind. App. 469, 29 N. E. 2d 1001; *Menzenberger* v. *American State Bank, Inc.* (1935), 101 Ind. App. 600, 198 N. E. 819; *Rimco Realty & Investment Corp.* v. *LaVigne* (1943), (T. D.) 114 Ind. App. 211, 50 N. E. 2d 953, and, also, the general rule of law that, except in those cases where circumstances are such as to permit only one inference, the question of proximate cause, contributory negligence and the doctrine of last clear chance is always one of question of fact for the trier

of the facts, in this instance, the trial court. *Rimco Realty & Investment Corp.* v. *LaVigne, supra.*

These propositions are well stated in the case of *Bulen* v. *Pendleton Banking Co.* (1948) 118 Ind. App. 217, 229, 78 N. E. 2d 449, wherein this court stated:

> "In our examination of the record we have failed to find any undisputed evidence which leads inescapably to the establishment of an ultimate fact not found by the court, but which, if found, would necessitate a different conclusion of law from those rendered by the court. In this connection it must be remembered that the trial court as the trier of the facts was the exclusive judge of the weight of the evidence, the credibility of the witnesses, the exclusive judge of what facts had been proven, the inferences to be drawn from the proven facts, and that this court upon appeal cannot substitute its judgment as to what facts were established by the evidence for that of the trial court. *Any fact in issue which was not found by the trial court in its special findings of facts must be considered as not having been proved. Home Equipment Co.* v. *Gorham* (1941), 218 Ind. 454, 459, 33 N. E. 2d 99; *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 593, 24 N. E. 2d 912." (Our emphasis) See also *Munson* v. *Rupker* (1925), (T. D. 1933) 96 Ind. App. 15, 148 N. E. 169; *Rimco Realty & Investment Corp.* v. *LaVigne, supra.*

To determine whether the decision of the court is contrary to law, we will consider only the evidence most favorable to the appellee, together with any reasonable inferences which may be drawn therefrom. *Popraka* v. *Lummus, supra; Rowe* v. *Johnson* (1945) 223 Ind. 289, 60 N. E. 2d 529.

An examination of the evidence most favorable to the appellee in the record before us shows, in substance, that on November 10, 1956, Donald Woodrow, the appellant herein, in the company of ten other friends,

went hunting. It appears that the party went in two cars, one driven by the appellant, and the other, by his father, the appellee; that the party left Covington, Indiana, about 5:15 A. M. and drove to the Monte Doty farm, where the party arrived at about 6:15 A. M. Thereafter, the party left the Doty farm and about 6:30 A. M., they were driving north on a county gravel road about eight miles northwest of Lebanon and at about forty-five miles-per-hour to look for another place to hunt, when a pheasant ran out across the road in front of Donald Woodrow's car. The appellant, Donald Woodrow, was driving his car in the lead and his father, Dewey Woodrow, the appellee, was following in the second car. The road they were traveling upon was an ordinary county gravel road about sixteen to eighteen feet wide, and, owing to the dry weather, was dusty; that the visibility of the driver of the second car was impaired by the dust raised by the first car. The appellant stopped his car immediately in his lane of traffic and started to get out so that he could shoot the pheasant; thereupon, the car driven by the appellant's father, Dewey Woodrow, slid into and struck the rear of appellant's car, when appellee Woodrow attempted to stop, to avoid the stopped car of the appellant.

We must stand reminded that the appellant herein cannot attack the decision for the insufficiency of the evidence to sustain it as we have hereinbefore pointed out, but are confined to the specification that the decision is contrary to law; that is, they were denied relief to which, under the evidence, they were entitled.

There is a statute in this state, §47-2120, Burns' 1952 repl., which provides, as follows:

"(a) Upon any highway outside of a business or residence district, no person shall stop, park, or

leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event, a sufficient unobstructed width of the roadway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred (200) feet in each direction upon such highway."

A review of the record reveals there were ample facts proved to establish that the appellant in the operation of his car violated this statute by reason of the fact that there was evidence that a clear view of such stopped vehicle was not available for a distance of two hundred (200) feet in each direction upon said highway because of the dust raised by the appellant's car. The question of whether or not the appellant violated the aforesaid statute was a question of fact for the trial court in this cause.

There was evidence of probative value from which the court could have drawn reasonable inferences, as we have set out above, that the negligence of the appellant, as the operator of the motor vehicle, in stopping or parking his car on the traveled portion of the highway, could have been the proximate cause of the accident and the resulting injury, even though the negligence of the appellee, as the operator of the other vehicle, was an active force in contributing to the final result. See *Winder & Son, Inc.* v. *Blaine* (1940), 218 Ind. 68, 29 N. E. 2d 987; *Walters* v. *Rowls* (1938), 105 Ind. App. 632, 16 N. E. 2d 969; *Eberhart* v. *Abshire* (7th Cir., 1946), 158 F. 2d 24; *Louisville Taxicab & Transfer Co.* v. *Reno* (1931) 237 Ky. 452, 35 S. W. 2d 902; *Evansville, etc. Ry. Co.* v. *Woosley* (1950) (T. D.) 120 Ind. App. 570, 93 N. E. 2d 355.

By reason of the fact there is evidence in the record, although conflicting, as to whether or not the view of the highway was obstructed by the dust raised by the appellant's car, it was a fact question for the court; therefore, the court was justified in concluding the proximate cause of the accident was the fact that the appellant had stopped his car on a highway in violation of the statute, §47-2120, *supra*. *Evansville, etc. Ry. Co.* v. *Woosley, supra.*

Where, as in the case before us, the appellant suddenly stopped his car in the traveled portion of the highway on a gravel country road, which was dry and dusty, knowing that his father was following in another car, could certainly place the appellee in sudden peril, or, at least under such evidence, the trial court, as the trier of the facts, could properly infer from such facts that the appellee was placed in sudden peril. While such circumstances would not relieve the appellee of the obligation to exercise due care, it is a circumstance which the trier of the facts, to-wit: the trial court, was entitled to consider on the question of whether or not the appellant was guilty of contributory negligence by his action in so-stopping under such circumstances, also, whether or not, under such circumstances, as we have hereinbefore related, bring this case within the doctrine of the "last clear chance" as maintained by the appellant. We think not.

In the case of *Lewis* v. *Mackley* (1951) (T. D. 1952) 122 Ind. App. 247, at 252, in discussing this doctrine, this court stated:

"The application of the doctrine of 'last clear chance' has been firmly established by the courts of this state, and stated broadly is that the negligence of the plaintiff does not prevent a recovery for the negligence of the defendant where it appears that the defendant by exercising

reasonable care, might have avoided injuring the plaintiff, notwithstanding the plaintiff's negligence. *Indianapolis Traction, etc. Co.* v. *Kidd* (1906), 167 Ind. 402, 79 N. E. 347; *Indianapolis Traction, etc., Co.* v. *Smith* (1906), 38 Ind. App. 160, 77 N. E. 1040; *Indianapolis St. R. Co.* v. *Bolin* (1907), 41 Ind. App. 266, 78 N. E. 210, 83 N. E. 754; *Indianapolis St. R. Co.* v. *Schmidt* (1904), 35 Ind. App. 202, 71 N. E. 663, 72 N. E. 478; *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617, 72 N. E. 589; *Terre Haute, etc., Traction Co.* v. *Stevenson* (1919), 189 Ind. 100, 123 N. E. 785; *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. 566; 96 N. E. 973; *Chesapeake & O. Ry. Co.* v. *Williams* (1943), 114 Ind. App. 160, 51 N. E. 2d 384; 38 American Jurisprudence 900, §215.

"The doctrine of 'last clear chance' is not an exception to the long established rule that contributory negligence on the part of the person injured is a bar to recovery unless the injury is wantonly or willfully inflicted, nor is the rule of comparative negligence recognized by the courts of this state. The proper application of the doctrine of 'last clear chance' does not permit an injured person to recover in spite of negligence on his part contributing to the injury, but it does permit a recovery notwithstanding a want of due care on the part of the plaintiff in cases where the facts are such that it may be said that the plaintiff's want of due care was not the proximate cause of the injury and that the defendant, in the exercise of due care might have avoided the injury, and that his failure to exercise due care, therefore, is the proximate cause of the injury in question. *Indianapolis Traction Co.* v. *Croly, supra.*"

The fact question for the trial court to determine was whether the appellee, after discovering the appellant's stopped car, in the exercise of ordinary care, could have avoided the accident and whether any act or omission on his part was the proximate cause of the accident. From the evidence in the record in this case, it was entirely possible for the trial court to have inferred

that the appellee herein did what any reasonable or prudent person would have done under like or similar circumstances. We believe, under the authorities we have heretofore cited, that there was ample evidence in the record upon which the trial court could have based the special finding of facts which he made and entered in said cause.

The appellant in item number three in the motion for new trial maintains the trial court erred and abused its discretion in not permitting the appellant to have reasonable time to study the authorities and prepare a reply to the appellant's brief before rendering judgment herein, which action of the court was prejudicial to the appellant.

The record before us shows, by affidavit filed and attached to the motion for new trial, that the appellant filed his brief in said cause with the Montgomery Circuit Court on July 28, 1958. The record by affidavit further shows that the appellee filed his brief on August 6, 1958, and, thereafter on August 9, 1958, the trial court decided said cause and entered said judgment for the defendant on said date.

The record before us is devoid of any showing that the appellant ever requested time, or a continuance, in which to file a reply brief or additional authorities after the filing of the appellee's brief on August 6, 1958, nor do they aver in their affidavit that they ever requested such time, or continuance, and upon such request the court failed to refuse to grant such time or continuance and thereby abused his discretion.

Here we are confronted with the fact that the appellee waited until after the court had decided the case after each of the parties had filed a brief in said cause. Failure on the part of a party to timely file his motion for time or continuance

in which to file additional authorities or a reply brief in the trial court must be timely made or it operates as a waiver of any right for additional time or a continuance the party might have otherwise had. Under such circumstances we cannot say, as a matter of law, that where a party fails to request additional time or a continuance in which to file a reply brief without it being requested, constituted an abuse of the court's discretion. *Clodfelder* v. *Walker* (1955) 234 Ind. 219, 222, 125 N. E. 2d 799.

Finding no error, the judgment of the Montgomery Circuit Court is affirmed.

Ax, C. J., Myers and Ryan, JJ., concur.

NOTE.—Reported in 172 N. E. 2d 883.